IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BASSAM NABULSI, AND HIS WIFE, RIMA NABULSI, <br><br>       Plaintiffs<br><br>V.<br><br>H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN, H.H. SHEIKH NASSER BIN ZAYED AL NAHYAN, H.H. SHEIKH SAIF BIN ZAYED AL NAHYAN, H.H. SHEIKH MOHAMMED BIN ZAYED AL NAHYAN, AND THE PARTNERSHIP OF THE ROYAL FAMILY BIN ZAYED AL NAHYAN,<br><br>       Defendants. | §§§§§§§§§§§§§§§§ | CIVIL ACTION NO. H-06-2683 |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT H.H. SHEIKH MOHAMMED BIN ZAYED AL NAHYAN'S REPLY BRIEFING REGARDING THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      Can this court exercise subject matter jurisdiction over this case under the Torture Victim's Protection Act ("TVPA"), or do the protections afforded to foreign states under the Foreign Sovereign Immunities Act ("FSIA") apply to shield Sheikh Mohammed from liability?  . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT AND AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.      This court can exercise subject matter jurisdiction over this case under the TVPA because the FSIA does not apply to Sheikh Mohammed.  . . . . . . . . . . . . . 2

CONCLUSION AND PRAYER  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

**CASES**

*Belhas v. Ya'Alon*,
    466 F.Supp.2d 127, 132-33 (D.D.C. 2006) .................................... 4,5

*Byrd v. Corporacion Forestal Y Industrial De Olancho, S.A.*,
    182 F.3d 380, 388-89 (5th Cir. 1999) ....................................... 2,3

*Cabiri v. Assasie-Gyimah*,
    921 F.Supp 1189, 1197-98 (S.D.N.Y. 1996) ................................... 3,4

*Chuidian v. Philippine Nat'l. Inc.*,
    912 F.2d 1095, 1099-1103 (9th Cir. 1990) ................................. 2,3,4

*Doe v. Qi*,
    349 F.Supp.2d 1258, 1282-83 (N.D. Cal 2004) ................................ 3,4

*Filartiga v. Pena-Irala*,
    630 F.2d 876, 884-890 (2nd Cir. 1980) ....................................... 4

In Re: Estate of Ferdinand E. Marcos Human Rights Litigation,
    978 F.2d 493, 497-98 (9th Cir. 1992) ....................................... 2,4

*United States v. Yakima Tribal Court*,
    806 F.2d 853, 859 (9th Cir. 1986) .......................................... 4,5

*Xuncax v. Gramajo*,
    886 F.Supp. 162, 176 (D.Mass. 1995) ........................................ 4,5

**FEDERAL STATUTES**

28 U.S.C.A §1350(2)(a)(1) ........................................................ 4

28 U.S.C.A.§1603 ................................................................. 2

**MISCELLANEOUS**

Restatement (Third) of Foreign Relations § 702 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Arab Charter on Human Rights art. 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

U.A.E. Const. art. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BASSAM NABULSI, AND HIS WIFE, RIMA NABULSI, | § § § § § § § § § § § § § § § § § § | |
| Plaintiffs | | |
| V. | | |
| H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN, H.H. SHEIKH NASSER BIN ZAYED AL NAHYAN, H.H. SHEIKH SAIF BIN ZAYED AL NAHYAN, H.H. SHEIKH MOHAMMED BIN ZAYED AL NAHYAN, AND THE PARTNERSHIP OF THE ROYAL FAMILY BIN ZAYED AL NAHYAN, | | CIVIL ACTION NO. H-06-2683 |
| Defendants. | | |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT H.H. SHEIKH MOHAMMED BIN ZAYED AL NAHYAN'S REPLY BRIEFING REGARDING THE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION**

TO THE HONORABLE JUDGE SIM LAKE:

Plaintiffs Bassam Nabulsi, and his wife, Rima Nabulsi, presents this their Sur-Reply to Defendant H.H. Sheikh Mohammed Bin Zayed Al Nahyan's Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction. In support of this Response, Plaintiffs would respectfully show this Court the following:

**NATURE AND STAGE OF PROCEEDINGS**

Sheikh Mohammed recently filed reply briefing that continues to incorrectly argue that the sovereign immunity protections afforded under the FSIA are applicable to Sheikh Mohammed. To

address the deficiencies of the position taken by Sheikh Mohammed, Plaintiffs file this brief sur-reply.

## STATEMENT OF THE ISSUES

I. Can this court exercise subject matter jurisdiction over this case under the Torture Victim's Protection Act ("TVPA"), or do the protections afforded to foreign states under the Foreign Sovereign Immunities Act ("FSIA")[1] apply to shield Sheikh Mohammed from liability?

## SUMMARY OF ARGUMENT

Sheikh Mohammed's reliance on the sovereign immunity protections afforded under the FSIA are misplaced because his conduct and participation in the torture of Mr. Nabulsi does not fall within the scope of "official conduct" that is protected under the FSIA. Individuals who engage in conduct outside the scope of their official duties are not afforded sovereign immunity protection under the FSIA. *See, e.g., In Re: Marcos Human Rights Litigation*, 978 F.2d at 497-98 (9th Cir. 1992), *citing Chuidian v. Philippine Nat'l. Inc.*, 912 F.2d 1095, 1099-1103 (9th Cir. 1990). For these reasons, the FSIA is not applicable in this case.

## ARGUMENT AND AUTHORITIES

I. **This court can exercise subject matter jurisdiction over this case under the TVPA because the FSIA does not apply to Sheikh Mohammed.**

The salient point that Sheikh Mohammed ignores throughout his reply is that the FSIA simply does not apply in this case. Sheikh Mohammed argues that because he holds a governmental position and the UAE is not on the state sponsored terrorist list, *ipso facto*, Plaintiffs' TVPA claim is barred by the FSIA. This analysis ignores the law concerning the inapplicability of the FSIA to acts taken by governmental officials outside the scope of their official capacity. *See, e.g., Byrd v.*

---

[1] 28 U.S.C.A. § 1603 (West 2007).

*Corporacion Forestal Y Industrial De Olancho, S.A.*, 182 F.3d 380, 388-89 (5th Cir. 1999); *Chuidian v. Philippine Nat'l. Inc.*, 912 F.2d 1095, 1099-1103 (9th Cir. 1990).

Sheikh Mohammed ignores the fact that the FSIA does not afford him any protection whatsoever for the torturous conduct he perpetrated against Mr. Nabulsi because, by engaging in torture, Sheikh Mohammed engaged in non-sovereign conduct and subjected himself to the full measure of liability provided under the TVPA. *E.g., Doe v. Qi*, 349 F.Supp.2d 1258, 1282-83 (N.D. Cal 2004); *Cabiri v. Assasie-Gyimah*, 921 F.Supp 1189, 1197-98 (S.D.N.Y. 1996).[2] Despite the position taken by Sheikh Mohammed, the mere fact that the alleged torture was conducted under color of law is insufficient to clothe the official with sovereign immunity. *Doe*, 349 F.Supp.2d at 1282-83. Torture is illegal in the United Arab Emirates. U.A.E. CONST. art. 26 ("[n]o man shall be subjected to torture or other indignity); *see also* ARAB CHARTER ON HUMAN RIGHTS art. 13 ("[t]he State parties shall protect every person in their territory from physical or psychological torture, or from cruel, inhuman, degrading treatment. [The State parties] shall take effective measures to prevent such acts; performing or participating in them shall be considered a crime punished by law."). When a government official's powers are limited by law, such as the U.A.E.'s prohibition against torture, any actions taken by the governmental official in violation of such law are considered to be individual, not sovereign, actions; and, by engaging in such conduct, the official is doing something that the sovereign has not clothed him with the authority to do. *Doe*, 349 F.Supp.2d at 1282-83, *citing Chuidian v. Philippine Nat'l Bank*, 912 F.2d 1095, 1106 (9th Cir. 1990).

---

[2] *See, e.g., Xuncax v. Gramajo*, 886 F.Supp. 162, 176 (D.Mass. 1995) (Minister of Defense of Gutamala not immune under FSIA in torture case because alleged conduct exceeded anything that could be considered lawful within Gramajo's official authority); *United States v. Yakima Tribal Court*, 806 F.2d 853, 859 (9th Cir. 1986) (if an official acts completely outside the scope of his authority, his actions are considered to be individual, not sovereign.)

An "agency or instrumentality of a foreign state" for purposes of the FSIA includes only those individuals acting in their official capacity with a foreign sovereign. *Chuidian*, 912 F.2d at 1099-1103. When an individual abuses his official power and engages in conduct that is outside the scope of his official authority in violation of § 1350(2)(a)(1), the sovereign immunity protections afforded under the FSIA are inapplicable. *E.g., Doe v. Qi*, 349 F.Supp.2d 1258, 1282-83 (N.D. Cal 2004); *Cabiri v. Assasie-Gyimah*, 921 F.Supp 1189, 1197-98 (S.D.N.Y. 1996).[3]

In the instant case, Sheikh Mohammed has been sued in his individual capacity under the TVPA. His reliance on the FSIA is misplaced because, by abusing his official power and directly participating in the torture of Mr. Nabulsi, Sheikh Mohammed engaged in non-sovereign conduct that renders the protections afforded under the FSIA inapplicable. *E.g., Doe*, 349 F.Supp.2d at 282-83; *Cabiri*, 921 F.Supp at 1197-98; *Xuncax*, 886 F.Supp. at 176. Sheikh Mohammed's direct participation in the torture of Mr. Nabulsi violates the U.A.E. Constitution, the law of nations, and cannot, by definition, fall within the scope of an "official act" for purposes of seeking immunity under the FSIA. *In Re: Marcos Human Rights Litigation*, 978 F.2d at 497-98 (9th Cir. 1992); *see also Filartiga v. Pena-Irala*, 630 F.2d 876, 884-890 (2nd Cir. 1980); RESTATEMENT (THIRD) OF FOREIGN RELATIONS § 702 (1987). For these reasons, Sheikh Mohammed's motion to dismiss for lack fo subject matter jurisdiction should be denied.

Additionally, Sheikh Mohammed's reliance on the *Belhas* case is misplaced. *See Belhas v. Ya'Alon*, 466 F.Supp.2d 127, 132-33 (D.D.C. 2006). The *Belhas* case involved an ATCA and

---

[3] *See, e.g., Xuncax v. Gramajo*, 886 F.Supp. 162, 176 (D.Mass. 1995) (Minister of Defense of Gutamala not immune under FSIA in torture case because alleged conduct exceeded anything that could be considered lawful within Gramajo's official authority); *United States v. Yakima Tribal Court*, 806 F.2d 853, 859 (9th Cir. 1986) (if an official acts completely outside the scope of his authority, his actions are considered to be individual, not sovereign.)

TVPA case brought by Lebanese citizens against a retired Israeli general named Moshe Ya'alon. *Id.* at 129. The lawsuit arose out of a bombing operation conducted by the Israeli military on the town of Qana in southern Lebanon as a part of the conflict between Israel and Hezbollah. *Id.* General Ya'alon submitted evidence from the State of Israel that the claims made the basis of the *Belhas* lawsuit arose out of the bombing of military targets that were conducted by the State of Israel for the sovereign purpose of protecting its citizens against terrorist attacks by Hezbollah. *Id.* This evidence also showed that the conduct by General Ya'alon was done in furtherance of this military operation. *Id.* Based on this evidence, the *Belhas* court legitimately concluded that the conduct by General Ya'alon fell within the scope of the FSIA. Why? General Ya'alon acted in his official, not individual, capacity in conducting the bombing operation. *Id.*

In this case, no evidence has been produced by Sheikh Mohammed, or the UAE, that Sheikh Mohammed's participation and involvement in the torture of Mr. Nabulsi was part of some legitimate sovereign activity. Sheikh Mohammed cannot take such a position, nor can the U.A.E., because all human beings within the U.A.E. enjoy the right to be free from torture as guaranteed under the U.A.E. Constitution. The conduct engaged in by Sheikh Mohammed is illegal in the United States and the U.A.E. By participating in the torture of Mr. Nabulsi, Sheikh Mohammed acted in a non-sovereign capacity and is not entitled to the protections afforded under the FSIA. Simply put, the FSIA does not apply.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Sheikh Mohammed's Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction be denied and for all other relief this Court deems proper.

    Respectfully submitted,

    **ROBERT D. GREEN & ASSOCIATES, P.C.**

    _____
    Robert D. Green
    State Bar No. 08368025
    440 Louisiana Street, Suite 1930
    Houston, Texas  77002
    Telephone:     (713) 654-9222
    Facsimile:     (713) 654-2155

    - and -

    **THE KLEIN LAW FIRM**

    Alexander B. Klein, III
    State Bar No. 11556250
    J. Todd Trombley
    State Bar No. 24004192
    Myriam K. Legge
    State Bar No. 00784404
    2000 The Lyric Centre
    440 Louisiana Street
    Houston, Texas  77002
    Telephone:     (713) 650-1111
    Facsimile:     (713) 227-1121

    ATTORNEYS FOR PLAINTIFFS,
    BASSAM NABULSI, AND HIS WIFE,
    RIMA NABULSI

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record or party via hand delivery, electronic transmission, certified mail, return receipt requested or telecopier, in accordance with the Federal Rules of Civil Procedure on this 25th day of June, 2007, as follows:

B. Daryl Bristow
Baker Botts, L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002
*Attorney in Charge for H.H. Sheikh*
*Mohammed Bin Zayed Al Nahyan*

_____
J. Todd Trombley