IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BASSAM NABULSI and His Wife, | § | |
| RIMA NABULSI, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| H.H. SHEIKH ISSA BIN ZAYED AL | § | CIVIL ACTION NO. H-06-2683 |
| NAHYAN, H.H. SHEIKH NASSER BIN | § | |
| ZAYED AL NAHYAN, H.H. SHEIKH | § | |
| SAIF BIN ZAYED AL NAHYAN, | § | |
| H.H. SHEIKH MOHAMMED BIN ZAYED | § | |
| AL NAHYAN, and THE PARTNERSHIP | § | |
| OF THE ROYAL FAMILY BIN ZAYED | § | |
| AL NAHYAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below that part of the Memorandum Opinion and Order entered on July 19, 2007 (Docket Entry No. 39), declaring Plaintiffs' Unopposed Motion for Alternative Service Pursuant to Federal Rule of Civil Procedure 4(f)(3) (Docket Entry No. 20) moot will be vacated, and Plaintiffs' Motion for Alternative Service (Docket Entry No. 20) will be declared moot in part and denied in part.[1]

---

[1]Although the pending motion is titled Plaintiffs' Unopposed Motion for Alternative Service Pursuant to Federal Rule of Civil Procedure 4(f)(3), it is actually opposed.  See Letter to Judge Lake Regarding Motion for Alternative Service by All Plaintiffs (Docket Entry No. 21) (explaining incorrect title) and Notice of Opposition to Plaintiffs' Motion for Alternative Service by Sheikh Mohammed Bin Zayed Al Nahyan (Docket Entry No. 22).

## I.  Background

Plaintiffs, Bassam Nabulsi and his wife, Rima Nabulsi, bring this action against defendants, H.H. Sheikh Issa Bin Zayed Al Nahyan (Sheikh Issa), H.H. Sheikh Nasser Bin Zayed Al Nahyan (Sheikh Nasser), H.H. Sheikh Saif Ben Zayed Al Nahyan (Sheikh Saif), H.H. Sheikh Mohammed Bin Zayed Al Nahyan (Sheikh Mohammed), and the Partnership of the Royal Family Bin Zayed Al Nahyan (Partnership), pursuant to the Torture Victims Protection Act, 28 U.S.C. § 1350, for torture, violation of the laws of nations, conspiracy, intentional infliction of emotional distress, false imprisonment, malicious prosecution, breach of fiduciary duty, and breach of contract.  The individual defendants are brothers of the royal family of Abu Dhabi and citizens of the United Arab Emirates. The remaining defendant is alleged to be a partnership formed by a group of individuals who are all citizens of the United Arab Emirates.[2]  Plaintiffs assert that the United Arab Emirates is a foreign state that is not a party to the Hague Convention and for which there are no other internationally agreed means to effect service of process upon its citizens.[3]

On November 20, 2006, the court ordered service by mail pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) (Docket

_____

[2]Plaintiffs' First Amended Original Complaint, Docket Entry No. 24, p. 2 ¶ 2.

[3]Plaintiffs' Motion for Alternative Service, Docket Entry No. 20, p. 2 ¶ 4.

Entry No. 7).  Rule 4(f)(2)(C)(ii) provides for service by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served." On December 22, 2006, the court mailed registered packages containing the summons and complaint, return receipt requested, to each of the individual defendants.[4]  On January 19, 2007, the court received a receipt for the registered mail sent to Sheikh Mohammed (Docket Entry No. 8).  Although Sheikh Mohammed subsequently asserted that the signature on the receipt is neither his nor that of an authorized representative, he agreed to answer the plaintiffs' complaint without seeking dismissal for insufficiency of process or service of process.[5]

On May 3, 2007, plaintiffs filed the pending motion for alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3).  In the motion plaintiffs seek leave to serve Sheikh Issa, Sheikh Nasser, Sheikh Saif, Sheikh Abdullah, and the Partnership by the following means:

> (1)  Defendant H.H. Sheikh Mohammed Bin Zayed Al Nahyan should be ordered to deliver a copy of the summons and petition to the above named Defendants. . .
>
> (2)  Service by regular mail and overnight delivery service (DHL, Federal Express, or similar overnight delivery service) directed to the following Defendants at the following addresses:

---

[4]See unnumbered entry on the Clerk's docket sheet for December 22, 2006.

[5]See Sheikh Mohammed's Unopposed Motion to Clarify Responsive Pleading Deadline, Docket Entry No. 11, p. 2.

-3-

A.   Defendant H.H. Sheikh Issa Bin Zayed Al
     Nahyan;
     P.O. Box 464,
     Abu-Dhabi, UAE

     P.O. Box 33148
     Abu-Dhabi, UAE

B.   Defendant H.H. Sheikh Nasser Bin Zayed Al
     Nahyan;
     P.O. Box 464,
     Abu-Dhabi, UAE

     P.O. Box 33148
     Abu-Dhabi, UAE

C.   Defendant H.H. Sheikh Saif Bin Zayed Al
     Nahyan;
     P.O. Box 26999
     Abu-Dhabi, UAE

     P.O. Box 464,
     Abu-Dhabi, UAE

     P.O. Box 33148
     Abu-Dhabi, UAE

D.   Defendant H.H. Sheikh Abdullah Bin Zayed Al
     Nahyan; and,
     P.O. Box 82
     Abu-Dhabi, UAE

     P.O. Box 464,
     Abu-Dhabi, UAE

     P.O. Box 33148
     Abu-Dhabi, UAE

E.   Defendant The Partnership of the Royal Family
     Bin Zayed Al Nahyan.

     By Serving [each of the above-named defendants
     at the above stated addresses] . . .

(3)  Defendant H.H. Sheikh Mohammed Bin Zayed Al Nahyan
     and/or his Houston counsel should be ordered to
     obtain any alternative e-mail address for the other

Defendants and that this e-mail address be supplied to Plaintiffs so that a copy of the summons and petition may be served by e-mail on the additional address as well.

(4)    Service by e-mail directed to Defendant H.H. Sheikh Issa Bin Zayed Al Nahyan at the following e-mail address:

hdaz@emirates.net.ae

(5)    Service by e-mail directed to Defendant H.H. Sheikh Saif Bin Zayed Al Nahyan at the following e-mail address:

hjad67@hotmail.com

(6)    Service by e-mail directed to Defendant H.H. Sheikh Nasser Bin Zayed Al Nahyan at the following e-mail address:

nass@hotmail.com

(7)    Service by e-mail directed to Defendant H.H. Sheikh Abdullah Bin Zayed Al Nahyan at the following e-mail address:

mofa@uae.gov.ae

(8)    Service by fax transmission directed to Defendant H.H. Sheikh Issa Bin Zayed Al Nahyan at the following fax number:

011 971 2 441 1772

(9)    Service by fax transmission directed to Defendant H.H. Sheikh Nasser Bin Zayed Al Nahyan at the following fax number:

011 971 2 441 1772

(10)   Service by fax transmission directed to Defendant H.H. Sheikh Saif Bin Zayed Al Nahyan at the following fax number:

011 971 2 441 4938

-5-

> (11) Service by fax transmission directed to Defendant
>      H.H. Sheikh Abdullah Bin Zayed Al Nahyan at the
>      following fax number:
>
> 011 971 2 441 7766[6]

On May 18, 2007, plaintiffs filed their First Amended Original Complaint (Docket Entry No. 24).  In it plaintiffs assert claims against Sheikhs Issa, Nasser, Saif, and Mohammed, and the Partnership, but not against Sheikh Abdullah.

On May 23, 2007, the registered mail sent to Sheikh Nasser was returned to the court as unclaimed (Docket Entry No. 31).

On July 19, 2007 (Docket Entry No. 39), the court entered a Memorandum Opinion and Order granting Sheikh Mohammed's motion to dismiss for lack of subject matter and personal jurisdiction.  In the Memorandum Opinion and Order the court also stated that

> [b]ecause the court has granted Sheikh Mohammed's motion
> to dismiss, Plaintiff's Unopposed Motion for Alternative
> Service Pursuant to Federal Rule of Civil Procedure
> 4(f)(3)(Docket Entry No. 20, in which plaintiffs seek an
> order directing Sheikh Mohammed to serve the other
> defendants named in this lawsuit, is **MOOT.**
>
> In the joint discovery/case management plan and at
> the August 17, 2007, scheduling conference plaintiffs
> should be prepared to discuss how they intend to effect
> service of process upon the remaining defendants.[7]

On July 20, 2007, the court received a receipt for the registered mail sent to Sheikh Issa (Docket Entry No. 40).  The

---

[6]Plaintiffs' Motion for Alternative Service, Docket Entry No. 20, pp. 3-6.

[7]Memorandum Opinion and Order, Docket Entry No. 39, p. 35.

-6-

receipt is not signed and Sheikh Issa has not filed a responsive pleading.

At the August 17, 2007, scheduling conference, plaintiffs' counsel stated that the July 19, 2007, Memorandum Opinion and Order did not fully dispose of Plaintiffs' motion for alternative service because that motion sought not only an order directing Sheikh Mohammed to serve the other defendants, but also sought an order allowing alternative service on the other individual defendants by regular mail, overnight delivery service, e-mail, and fax.

## II.  Analysis

Plaintiffs' motion for alternative service seeks an order pursuant to Federal Rule of Civil Procedure 4(f)(3) approving service of process upon five defendants (Sheikh Issa, Sheikh Nasser, Sheikh Saif, Sheikh Abdullah, and the Partnership) by four different methods: (1) substituted service through Sheikh Mohammed, (2) regular mail and overnight delivery, (3) electronic mail, and (4) facsimile.  Plaintiffs also seek an order directing Sheikh Mohammed and/or his counsel to obtain and provide to them any e-mail addresses for the defendants other than those already provided by the court.  Sheikh Mohammed has opposed plaintiffs' motion for alternative service.[8]

---

[8]See Defendant H.H. Sheikh Mohammed Bin Zayed Al Nahyan's Response to Plaintiffs' Motion for Alternative Service, Docket Entry No. 30.

-7-

**A.    Request for Alternative Service on Sheikh Abdullah**

Plaintiffs' motion for alternative service was filed on May 3, 2007.  On May 18, 2007, plaintiffs filed their First Amended Complaint (Docket Entry No. 24).  Although plaintiffs' motion for alternative service seeks leave to serve Sheikh Abdullah, he is not named as a party defendant in their First Amended Complaint.  Since Sheikh Abdullah is no longer a party defendant, the court concludes that plaintiffs' motion for alternative service on him is moot.

**B.    Request for Alternative Service on Sheikh Issa,[9] Sheikh Saif, Sheikh Nasser, and the Partnership of the Royal Family**

1.    <u>Via Sheikh Mohammed</u>

The Memorandum Opinion and Order entered on July 19, 2007 (Docket Entry No. 39), granted Sheikh Mohammed's motion to dismiss for lack of subject matter and personal jurisdiction.  Since Sheikh Mohammed is no longer a party to this action, plaintiff's requests to involve Sheikh Mohammed in their efforts to serve the other individual defendants are moot.

2.    <u>Via Regular Mail, Overnight Delivery, E-mail, and Fax</u>

(a)   Applicable Law

Federal Rule of Civil Procedure 4(f)(3) provides that

[u]nless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person,

---

[9]Although a receipt for the summons and complaint mailed to Sheikh Issa was returned to the court on July 20, 2007 (Docket Entry No. 40), that receipt is not signed as required by Rule 4(f)(2)(C)(ii).

> may be effected in a place not within any judicial district of the United States: . . . (3) by other means not prohibited by international agreement as may be directed by the court.

The decision to allow alternative methods of service under Rule 4(f)(3) is committed to the court's "sound discretion." Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002). See also Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 921 (11th Cir. 2003), cert. denied, 125 S.Ct. 62 (2004) (motions for service of process under Rule 4(f)(3) are "subject to an abuse of discretion standard because the plain language of the rule stipulates that the district court 'may' direct alternative means of service").

Rule 4(f)(3) does not allow courts to authorize alternative means of service that are prohibited by international agreement. Rio Properties, 284 F.3d at 1015. Since plaintiffs have asserted that "[t]he United Arab Emirates is not a party to the Hague Convention and there are no other internationally agreed means of service between the United Arab Emirates and the United States,"[10] and the court is not aware of any international agreement that speaks to service of process in the United Arab Emirates, plaintiffs need only obtain the court's permission to serve defendants via alternative means. However, to do so, plaintiffs must persuade the court that "the facts and circumstances of the

---

[10]Plaintiffs' Motion for Alternative Service, Docket Entry No. 20, p. 2.

-9-

present case necessitate[ ] . . . [the court's] intervention." Id.
at 1016.   Despite the fact that Rule 4(f) does not denote any
hierarchy or preference for one method of service over another, and
"service of process under Rule 4(f)(3) is neither a 'last resort'
nor 'extraordinary relief' [but, instead,] . . . merely one means
among several which enables service of process on an international
defendant," id. at 1015,

> a district court in exercising the discretionary power
> permitted by Rule 4(f)(3), may require the plaintiffs to
> show that they have reasonably attempted to effectuate
> service on defendant and that the circumstances are such
> that the district court's intervention is necessary to
> obviate the need to undertake methods of service that are
> unduly burdensome or that are untried but likely to be
> futile.

FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D. Va.
2005).   See also Williams v. Advertising Sex LLC, 231 F.R.D. 483,
486 (N.D. W.Va. 2005).   "This threshold requirement, although not
expressly provided by [Rule] 4(f)(3), is necessary in order to
prevent parties from whimsically seeking alternative means of
service and thereby increasing the workload of the courts." Ryan
v. Brunswick Corp., 2002 WL 1628933, *2 (W.D.N.Y. 2002).   The
plaintiff must also demonstrate that the proposed methods of
service comport with constitutional notions of due process.   See
Rio Properties, 284 F.3d at 1016-17.   This requirement is satisfied
by showing that the alternative means of service sought are
"reasonably calculated under all the circumstances, to apprise
interested parties of the pendency of the action and afford them an

opportunity to present their objections." <u>Mullane v. Central</u> <u>Hanover Bank & Trust Co.</u>, 70 S.Ct. 652, 657 (1950).

      (b)   Plaintiffs' Evidence and Legal Authority

      **(1)  Plaintiffs' Evidence**

Plaintiffs initially attempted to serve the defendants pursuant to Federal Rule of Civil Procedure 4(f)(2)((C)(ii),[11] by registered mail prepared and sent by the clerk's office on December 22, 2006.[12]  The package addressed to Sheikh Mohammed was signed for on January 8, 2007, and a receipt for it was returned to the court on January 19, 2007 (Docket Entry No. 8).  Although Sheikh Mohammed asserted that service was not properly effected upon him, he appeared to contest the court's jurisdiction,[13] and on July 19, 2007, the court entered the Memorandum Opinion and Order in which it granted Sheikh Mohammed's motion to dismiss (Docket Entry No. 39).  The package addressed to Sheikh Nasser was returned to the court as unclaimed on May 23, 2007 (Docket Entry No. 31).

---

[11]Rule 4(f)(2)(C)(ii) provides for service by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served."

[12]See Plaintiffs' Motion for Service by Mail Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), Docket Entry No. 6, and Order Granting Plaintiffs' Motion for Service by Mail Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), Docket Entry No. 7.  See also unnumbered entry on the Clerk's Docket Sheet for December 22, 2006.

[13]See Defendant H.H. Sheikh Mohammed Bin Zayed Al Nahyan's Response to Plaintiffs' Motion for Alternative Service Pursuant to Federal Rule of Civil Procedure 4(f)(3), Docket Entry No. 30, pp. 1-2.

-11-

A receipt for the package addressed to Sheikh Issa was returned to the court -- albeit unsigned -- on July 20, 2007 (Docket Entry No. 40).   Neither the package addressed to Sheikh Saif nor the receipt for it has been returned to the court.   Plaintiffs contend that

> [t]here should be little doubt the remaining Defendants already know about the pendency of this action against them [because t]heir elder brother, the Crown Prince, has been served with the suit papers, has hired imminent counsel and filed motions to the jurisdiction.   Defense counsel, with an office in the U.A.E., has undertaken an investigation which presumably has included contact with the remaining Defendants.[14]

Plaintiff Bassam Nabulsi has submitted a sworn affidavit stating that he has personal knowledge of post office box addresses, fax numbers, and e-mail addresses at which each of the remaining individual defendants may be served (Sheikh Issa, Sheikh Saif, Sheikh Nasser, and the Partnership).[15]   Bassam Nabulsi explains that he has personal knowledge of these post office box addresses, fax numbers, and e-mail addresses because he previously served as managing partner of IBA United Co., a partnership between himself and Sheikh Issa.   Based on his previous relationship with Sheikh Issa, Bassam Nabulsi states that he has personal knowledge that P.O. Box 464, Abu Dhabi, United Arab Emirates, is an address at which not only Sheikh Issa, but also the other individual

---

[14]Plaintiffs' Motion for Alternative Service, Docket Entry No. 20, p. 2.

[15]See Exhibit C attached to Plaintiffs' Motion for Alternative Service, Docket Entry No. 20.

defendants have previously received correspondence.  Attached to the affidavit are a power of attorney given by Sheikh Issa to Bassam Nabulsi, and a letter from Sheikh Issa to a bank written on stationery containing Sheikh Issa's letterhead, which shows one of the two post office box addresses, as well as the e-mail address and fax number at which plaintiffs seek to serve Sheikh Issa.[16]

### (2)  Plaintiffs' Legal Authority

Citing <u>Rio Properties, Inc. v. Rio International Interlink</u>, 284 F.3d 1007, 1016 (9th Cir. 2002), <u>International Controls Corp. v. Vesco</u>, 593 F.2d 166 (2d Cir. 1979), and <u>Mwani v. Osama Bin Laden</u>, 417 F.3d 1, 8-9 (D.C. Cir. 2005), plaintiffs argue that "[f]ederal courts have authorized a wide variety of alternative methods of service including regular mail, email, publication, telex, electronic mail, even throwing papers on a lawn."[17]

In <u>Rio Properties</u>, 284 F.3d at 1007, the Ninth Circuit approved a district court's choice of e-mail as one of several means used to effect service on a foreign company.  The court concluded that e-mail service was appropriate because, after diligent investigation by the plaintiff, e-mail appeared to be the only reliable method for contacting the foreign defendant.  The plaintiff in <u>Rio Properties</u> first attempted to serve the defendant

---

[16]See Exhibits 1-3 attached to Nabulsi Affidavit, Exhibit C attached to Plaintiffs' Motion for Alternative Service, Docket Entry No. 20.

[17]Plaintiffs' Motion for Alternative Service, Docket Entry No. 20, p. 2.

in the United States at the address used to register the defendant's domain name and through the defendant's lawyer. Id. at 1013. When those attempts failed, the plaintiff diligently searched for the defendant in its native country. Id. Only after that effort failed did the plaintiff ask the district court to allow service by e-mail. Since the foreign company did not appear to maintain an office or to use a physical address for communicating with its clients at which service could be made, but, instead, maintained an internet website and used an e-mail address as its preferred means of communicating with its clients, the court concluded that service via e-mail was reasonably calculated to provide the defendant notice of the suit. However, Rio Properties does not stand for the proposition that e-mail service should always be permitted. The Ninth Circuit expressly cautioned district courts to "balance the limitations of email service against its benefits in any particular case." Id. at 1018. Limitations recognized by the court include the absence of reliable methods for confirming receipt of an e-mail, and conflicts over the receipt of attachments caused by incompatible systems. Id.

In Vesco, 593 F.2d at 174-78, the Second Circuit approved the district court's authorization of the plaintiff's attorney's attempt to effect service by regular mail and by depositing a copy of the summons and complaint upon the premises of the defendant's last known address. The court explained that

-14-

the service of the summons and complaint at the Brace
Ridge Road residence on July 30, 1973 was reasonably
calculated to give Vesco actual notice of the lawsuit.
Indeed, there is substantial and persuasive circumstan-
tial proof that, during the entire episode, Vesco himself
was physically present in the house and witnessed the
entire affair.  The very presence of the bodyguards
indicates this.  And the boy's statement, "My father said
to ask what you want," is most significant, and there is
more.

Id. at 178.

In Mwani, 417 F.3d at 8-9, the court authorized service by

publication upon Osama Bin Laden and the al-Qeada organization

after the plaintiff presented evidence that they could not be

found.

(c)   Application of Law to the Facts

Although plaintiffs assert that the alternative means of

service they have proposed

are consistent with the due process protections afforded
under the Fifth Amendment to the United States
Constitution, are not prohibited by any applicable
international agreement, are reasonably calculated to
apprise the above-referenced defendants of this lawsuit,
and afford these defendants an opportunity to present
their objections, if any, to the claims made against them
in this case,[18]

they have not offered any explanation for why the alternative means

of service they seek are needed or why they comport with the

requirements of due process under the unique circumstances of this

case.  Because plaintiffs have failed to offer these explanations,

_____

[18]Id. at p. 3.

-15-

and because the facts of this case are distinguishable from those on which they rely, the court concludes that plaintiffs' motion for alternative service on Sheikh Issa, Sheikh Saif, Sheik Nasser, and the Partnership via regular mail, e-mail, and fax should be denied.

### (1)   Need for Alternative Means of Service

Plaintiffs allege in their amended complaint that Bassam Nabulsi once managed and enjoyed power of attorney over all of Sheikh Issa's affairs.[19]   In the affidavit attached to the plaintiffs' motion for alternative service, Bassam Nabulsi states that through his past association with Sheikh Issa he has personal knowledge that the post office box addresses, e-mail addresses, and fax numbers listed in the plaintiffs' motion all represent ways in which each of the individual defendants can be contacted.   However, plaintiffs have not presented any evidence that apart from the registered mailings made by the clerk's office, any attempts have been made to serve Sheikh Issa, Sheikh Saif, or Sheikh Nasser or to determine whether they or the Partnership have agents in the United States or the United Arab Emirates authorized to accept service on their behalf.   Plaintiffs have not stated that they are unable to locate the individual defendants, that they do not know where the individual defendants live and/or work, or that they are unable to identify anyone who would be willing to attempt personal service on

---

[19]See Plaintiffs' First Amended Original Complaint, Docket Entry No. 24, p. 3 ¶ 8.

them in Abu Dhabi.   Although plaintiffs have insinuated that the defendants are evading service,[20] they have offered no evidence that the defendants are evading service.   Moreover, the cases that plaintiffs have cited in support of their motion are distinguishable because the plaintiffs in those cases all conducted investigations aimed at locating the defendants for the purpose of serving them, and all based their requests for alternative service on evidence from which the court could conclude that "the facts and circumstances of the present case necessitated the district court's intervention." Rio Properties, 284 F.3d at 1016.   Since plaintiffs have neither argued nor made any showing that the facts and circumstances of this case are such that the court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or untried but likely to be futile, the court is not persuaded that plaintiffs have demonstrated a need for the court's intervention.   See also Dagra, 228 F.R.D. at 534.

### (2)  Constitutional Notions of Due Process

Nor is the court persuaded that the plaintiffs have shown that the alternative methods of service for which they seek authorization are reasonably calculated under all the circumstances, to

----

[20]See Plaintiffs' Motion for Alternative Service, Docket Entry No. 20, p. 2 (asserting that "[t]he court sent a certified letter to each of the brothers.  Only one letter was signed for, the rest were apparently refused after the content of the mailing was ascertained.").

apprise Sheikh Issa, Sheikh Saif, Sheikh Nasser, or the Partnership
of the pendency of the action.  See Mullane, 70 S.Ct. at 657.

(i)  E-mail

In Rio Properties, 284 F.3d at 1007, the Ninth Circuit upheld
the district court's authorization of e-mail service because the
plaintiff's investigation showed that the defendant did not
maintain a physical office but, instead, maintained a website and
designated its undisputed e-mail address as its preferred means of
communication.   Unlike the plaintiffs in Rio Properties, the
plaintiffs in this case have not provided any evidence that Sheikh
Issa, Sheikh Saif, Sheikh Nasser, or the Partnership do not
maintain physical homes or offices at which service could be
accomplished but, instead, rely on websites and e-mail to conduct
their business.  The only evidence that these defendants use e-mail
to communicate is Bassam Nabulsi's assertion that his past
association with Sheikh Issa has provided him personal knowledge
that these defendants have received communications via the e-mail
addresses identified in the plaintiffs' motion.   However, the
plaintiffs have not presented any evidence showing that any of
these defendants regularly monitor those e-mail addresses, use them
as a preferred means to conduct business or receive important
communications, or are likely to receive a summons and complaint
for this suit transmitted to them at those addresses.  While e-mail
service may be appropriate in some cases, e.g., when as in Rio

-18-

<u>Properties</u> the plaintiff is "faced with an international e-business scofflaw, playing hide-and-seek with the federal court," <u>id.</u> at 1018, plaintiffs have made no showing that this is such a case. Accordingly, the court is not persuaded that service by e-mail should be authorized as to Sheikh Issa, Sheikh Saif, Sheikh Nasser, or the Partnership because plaintiffs have failed to offer any evidence that under the circumstances of this case service via these e-mail addresses is reasonably calculated to apprise them of the pendency of this lawsuit. <u>See</u> <u>Mullane</u>, 70 S.Ct. at 657. <u>See also</u> <u>Ehrenfeld v. Salim A Bin Mafouz</u>, 2005 WL 696769, *3 (S.D.N.Y. 2005) (denying motion for e-mail service for lack of information showing that the defendant was likely to receive information transmitted via e-mail).

(ii)  Mail, Overnight Delivery, and Fax

Absent Bassam Nabulsi's assertion that his past association with Sheikh Issa provides him personal knowledge that Sheik Issa, Sheikh Saif, and Sheikh Nasser have received communications via the post office box addresses and fax numbers identified in plaintiffs' motion, plaintiffs have presented no evidence that these defendants or the Partnership have ever received a particular communication sent to them at any of the addresses and/or fax numbers identified in the plaintiffs' motion. Moreover, the plaintiffs have presented no evidence from which the court could conclude that these addresses and/or fax numbers are used by Sheik Issa, Sheikh Saif,

-19-

Sheikh Nasser, or the Partnership to conduct business or receive important communications on a regular basis, or that any of these defendants are likely to receive a summons and complaint for this suit mailed, delivered, and/or faxed to them at these addresses and fax numbers.  Although plaintiffs have presented documents showing that one of the post office box addresses (P.O. Box 464), one of the fax numbers (011 971 2 441 1772), and one of the e-mail addresses (hdaz@emirates.net.ae ) identified in their motion appear on Sheikh Issa's letterhead, plaintiffs have not made any showing that Sheikh Saif, Sheikh Nasser, or the Partnership has ever represented to anyone that they expect to receive communications at the addresses and/or fax numbers cited in plaintiffs' motion.

While service via regular mail, overnight delivery, and facsimile transmission may be appropriate in some cases, _e.g._, when the evidence before the court demonstrates that defendants are undisputedly present at a particular address, have undisputedly received business and other important correspondence at specific addresses and/or fax numbers, and there exists some way for the court to assure itself that the defendants actually receive notice of suit in a timely manner, plaintiffs in this case have made no such showing.  See, e.g., Vesco, 583 F.2d at 176 (to be authorized by law substitute service must be designed to give proper notice to the defendant and to comply with the requirements of due process); Levin v. Ruby Trading Corp., 248 F.Supp. 537, 540-41 (D.C.N.Y.

-20-

1965) (describing circumstances in which service by ordinary mail has been found sufficient to satisfy due process requirements). There is no evidence that Sheik Issa, Sheikh Saif, Sheikh Nasser, or the Partnership has ever received any specific communication at any of these addresses and/or fax numbers, and there is no evidence that Sheikh Saif, Sheikh Nasser, or the Partnership have ever represented to others that they expect to receive correspondence at them.

Moreover, plaintiffs have failed to identify what, if any, evidence of delivery these proposed methods of service would afford. See Fed. R. Civ. P. 4(l) ("Proof of service in a place not within any judicial district of the United States shall, if effected under paragraph (1) of subdivision (f), be made pursuant to the applicable treaty or convention, and shall, if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court.").

Accordingly, the court is not persuaded that service by regular mail, overnight delivery, and/or facsimile transmission should be authorized as to Sheikh Issa, Sheikh Saif, Sheikh Nasser, or the Partnership because plaintiffs have failed to offer any evidence that under the circumstances of this case service via the post office box addresses and/or fax numbers identified in the plaintiffs' motion is reasonably calculated to apprise these

defendants of the pendency of this lawsuit or to provide evidence
of such notice.  See Mullane, 70 S.Ct. at 657.

### III.  Conclusions and Order

For the reasons explained above in § I, that part of the
Memorandum Opinion and Order entered on July 19, 2007 (Docket Entry
No. 39), declaring Plaintiffs' Unopposed Motion for Alternative
Service Pursuant to Federal Rule of Civil Procedure 4(f)(3) (Docket
Entry No. 20) moot is **VACATED.**  For the reasons explained above in
§ II, Plaintiffs' Unopposed Motion for Alternative Service Pursuant
to Federal Rule of Civil Procedure 4(f)(3) (Docket Entry No. 20),
is **MOOT** with respect to plaintiffs' requests for leave to use
alternative methods to serve Sheikh Abdullah and for leave to
involve Sheikh Mohammed in their efforts to serve the remaining
defendants, and **DENIED WITHOUT PREJUDICE** in all other respects.

In addition to the methods by which a summons can be served
upon individuals in a foreign country described in Rule (f) and
addressed in this Memorandum Opinion and Order, there "must also be
'authorization for service of summons on the defendant.'"  Nikbin
v. Islamic Republic of Iran, 471 F.Supp.2d 53, 69 (D.D.C. 2007)
(quoting Omni Capital International, Ltd. v. Rudolf Wolff & Co.,
Ltd., 108 S.Ct. 404, 409 (1987)).   In their First Amended
Complaint, plaintiffs assert that "Rule 4(k)(2) of the Federal
Rules of Civil Procedure permits a federal court to exercise

personal  jurisdiction  over  these  non-resident  defendants."[21]
Rule 4(k)(2) provides that

> [i]f the exercise of jurisdiction is consistent with the
> Constitution and the laws of the United States, serving
> a  summons  or  filing  a  waiver  of  service  is  also
> effective, with respect to claims arising under federal
> law, to establish personal jurisdiction over the person
> of any defendant who is not subject to the jurisdiction
> of the courts of general jurisdiction of any state.

Whether  the  exercise  of  jurisdiction  is  consistent  with  the
Constitution  for  purposes  of  Rule  4(k)(2)  turns  on  whether  a
defendant has sufficient contacts with the United States as a whole
to  satisfy  due  process.    See  Fed.  R.  Civ.  P.  4(k)  Advisory
Committee's notes to 1991 Amendments.   Although plaintiffs assert
that "the Defendants in this case possess the requisite minimum
contacts  with  the  United  States  to  satisfy  the  procedural  due
process safeguards embodied in the 5th Amendment,"[22] plaintiffs have
alleged  no  facts  establishing  the  defendants'  contacts  with  the
United  States.    Because  plaintiffs'  First  Amended  Original
Complaint  contains  no  factual  allegations  showing  that  the
defendants'  contacts  with  the  United  States  satisfy  the
requirements  of  due  process,  and  because  Rule  4(k)(2)  does  not
authorize service of summons on defendants absent such contacts,
any future motion for  alternative service should include a prima

---

[21]Plaintiffs' First Amended Original Complaint, Docket Entry
No. 24, p. 2 ¶ 4.

[22]Id.

facie showing of the minimum contacts needed to establish personal jurisdiction over each defendant.  See Nikbin, 471 F.Supp.2d at 71-73 (where the exercise of personal jurisdiction over the defendant would not be consistent with the Constitution, Rule 4(k)(2) does not authorize service of a summons on the defendant).  See also System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001) (if asked to enter default judgment against any of the defendants, the court will have an affirmative duty to determine that it has both subject matter and personal jurisdiction and discretion to dismiss the action sua sponte in their absence).[23]

    **SIGNED** at Houston, Texas, on this 9th day of October, 2007.

                                  SIM LAKE
               UNITED STATES DISTRICT JUDGE

---

[23]For reasons similar to those for which the District Court for the District of Columbia recently concluded that the detentions and conditions of confinement suffered by Ghollam Nikbin did not constitute torture, see Nibkin v. Islamic Republic of Iran, ___ F.Supp.2d ___, 2007 WL 2828020, *6-*7 (D.D.C.  September 28, 2007), the court is concerned that the factual allegations concerning Bassam Nabulsi's detention and the acts suffered by him and his wife during that detention may not be sufficient to constitute torture needed to sustain subject matter jurisdiction under the Torture Victims Protection Act, 28 U.S.C. § 1350 (Note).  See Nikbin, 471 F.Supp.2d at 62-63 (warning the plaintiff that the allegations concerning his detention and conditions of confinement might not be insufficient to establish torture).