```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


BASSAM NABULSI and His Wife,    §
RIMA NABULSI,                   §
                                §
           Plaintiffs,           §
                                §
v.                              §
                                §
H.H. SHEIKH ISSA BIN ZAYED AL   §    CIVIL ACTION NO. H-06-2683
NAHYAN, H.H. SHEIKH NASSER BIN  §
ZAYED AL NAHYAN, H.H. SHEIKH    §
SAIF BIN ZAYED AL NAHYAN,       §
H.H. SHEIKH MOHAMMED BIN ZAYED  §
AL NAHYAN, and THE PARTNERSHIP  §
OF THE ROYAL FAMILY BIN ZAYED   §
AL NAHYAN,                      §
                                §
           Defendants.           §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiffs' Second Motion for Service by Mail Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) (Docket Entry No. 44). For the reasons explained below, plaintiffs' motion will be denied, and plaintiffs will be ordered to effect service of process on the defendants within sixty days or show cause why this action should not be dismissed for failure to prosecute.

### I. Background

On August 16, 2006, plaintiffs, Bassam Nabulsi and his wife, Rima Nabulsi, brought this action against defendants, H.H. Sheikh Issa Bin Zayed Al Nahyan (Sheikh Issa), H.H. Sheikh Nasser Bin

Zayed Al Nahyan (Sheikh Nasser), H.H. Sheikh Saif Bin Zayed Al Nahyan (Sheikh Saif), H.H. Sheikh Mohammed Bin Zayed Al Nahyan (Sheikh Mohammed), H.H. Sheikh Abdullah Bin Zayed Al Nahyan (Sheikh Abdullah), and the Partnership of the Royal Family Bin Zayed Al Nahyan (Partnership), pursuant to the Torture Victims Protection Act, 28 U.S.C. § 1350, for torture, violation of the laws of nations, as well as for conspiracy, intentional infliction of emotional distress, false imprisonment, malicious prosecution, breach of fiduciary duty, and breach of contract pursuant to Texas state law.  The individual defendants are brothers of the royal family of Abu Dhabi and citizens of the United Arab Emirates (U.A.E.).  The remaining defendant is alleged to be a partnership formed by a group of individuals who are all U.A.E. citizens.[1]

On November 20, 2006, the court ordered service by mail on all defendants pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) (Docket Entry No. 7).  On December 22, 2006, the court mailed registered packages containing the summons and complaint, return receipt requested, to each of the defendants at addresses supplied by the plaintiffs.[2]  On January 19, 2007, the court received a receipt for the registered mail sent to Sheikh Mohammed (Docket Entry No. 8).  Although Sheikh Mohammed subsequently asserted that the signature on the receipt was neither

---

[1] Plaintiffs' First Amended Original Complaint, Docket Entry No. 24, p. 2 ¶ 2.

[2] See unnumbered entry on the Clerk's docket sheet for December 22, 2006.

his nor that of an authorized representative, he agreed to answer the plaintiffs' complaint and instead of seeking dismissal for insufficiency of process or service of process,[3] sought dismissal for lack of subject matter and/or personal jurisdiction. (Docket Entry No. 15).

On May 3, 2007, plaintiffs filed a motion for alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3) seeking an order directing Sheikh Mohammed to serve the other defendants, and, alternatively, seeking leave to serve Sheikh Issa, Sheikh Nasser, Sheikh Saif, Sheikh Abdullah, and the Partnership by regular mail and overnight delivery service, electronic mail, and facsimile transmission (Docket Entry No. 20).

On May 18, 2007, plaintiffs filed their First Amended Original Complaint in which they asserted claims against Sheikhs Issa, Nasser, Saif, and Mohammed, and the Partnership, but not against Sheikh Abdullah (Docket Entry No. 24).

On May 23, 2007, the registered mail sent to Sheikh Nasser was returned to the court as unclaimed (Docket Entry No. 31).

On July 19, 2007, the court entered a Memorandum Opinion and Order (Docket Entry No. 39), granting Sheikh Mohammed's motion to dismiss for lack of subject matter and personal jurisdiction. In the Memorandum Opinion and Order the court also stated that

> [b]ecause the court has granted Sheikh Mohammed's motion to dismiss, Plaintiff's Unopposed Motion for Alternative

---

[3]See Sheikh Mohammed's Unopposed Motion to Clarify Responsive Pleading Deadline, Docket Entry No. 11, p. 2.

>   Service Pursuant to Federal Rule of Civil Procedure
>   4(f)(3)(Docket Entry No. 20), in which plaintiffs seek an
>   order directing Sheikh Mohammed to serve the other
>   defendants named in this lawsuit, is **MOOT.**
>
>   In the joint discovery/case management plan and at
>   the August 17, 2007, scheduling conference plaintiffs
>   should be prepared to discuss how they intend to effect
>   service of process upon the remaining defendants.[4]

On July 20, 2007, the court received a receipt for the registered mail sent to Sheikh Issa (Docket Entry No. 40). The receipt is not signed and Sheikh Issa has filed no response.

At a hearing held on August 17, 2007, plaintiffs' counsel stated that the July 19, 2007, Memorandum Opinion and Order did not fully dispose of the motion for alternative service because that motion sought not only an order directing Sheikh Mohammed to serve the other defendants, but also an order allowing service by regular mail, overnight delivery, electronic mail, and facsimile.

On October 9, 2007, the court issued a Memorandum Opinion and Order vacating that part of its July 19, 2007, Memorandum Opinion and Order that mooted the plaintiffs' motion for alternative service and, in its place mooted only that part of the motion that sought leave to use alternative methods to serve Sheikh Abdullah, and to involve Sheikh Mohammad in the efforts to serve the other defendants, and denied without prejudice all other relief sought in that motion (Docket Entry No. 42). The court also stated that

>   [b]ecause plaintiffs' First Amended Original Complaint
>   contains no factual allegations showing that the
>   defendants' contacts with the United States satisfy the

---

[4]Memorandum Opinion and Order, Docket Entry No. 39, p. 35.

requirements of due process, and because Rule 4(k)(2) does not authorize service of summons on defendants absent such contacts, any future motion for alternative service should include a prima facie showing of the minimum contacts needed to establish personal jurisdiction over each defendant.[5]

On December 20, 2007, plaintiffs submitted a Case Status Report and Brief in Support of Subject Matter and Personal Jurisdiction over Defendant Sheikh Issa (Docket Entry No. 43).

On April 2, 2008, plaintiffs submitted both their Second Motion for Service by Mail Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) (Docket Entry No. 44), and their Second Case Status Report (Docket Entry No. 45). In their second case status report plaintiffs state that they have

> discovered that the Defendants apparently have formed an entity known as the 'Bin Zayed Group' ('Sons of Zayed,' the father of each Defendant). That group apparently has many business dealings in the United States, including an agreement with Cleveland Clinic to build medical facilities in the U.A.E. The Plaintiffs are therefore building a case for personal jurisdiction over the remaining Defendants as well as Sheikh Issa.[6]

The plaintiffs also state that they have contacted twenty-eight English speaking law firms within the U.A.E. to help facilitate personal service on the defendants and that they have received rejection letters from twenty-two of these firms and no response from the remaining six firms.[7] Plaintiffs state that they have

---

[5]Memorandum Opinion and Order, Docket Entry No. 42, p. 24.

[6]Plaintiffs' Second Case Status Report, Docket Entry No. 45, p. 2 ¶ 1.

[7]Id. at ¶ 2.

5

contacted eleven United States firms with a U.A.E. presence and have received rejection letters from two firms and no response from the remaining nine firms.[8]  Plaintiffs state that they have also contacted the Secretary of State offices for all fifty of the United States of America in search of registered agents for the defendants but have yet to find any such agents.[9]  Plaintiffs also stated that they have

> endeavored to locate individuals who might be willing to serve the Sheikh personally.  The Plaintiffs have had some discussions with some individuals in that regard but have not yet been successful.  The Plaintiffs continue to seek such a solution.  However, this issue is complicated by the need to make reasonably certain that such an act against a member of the Royal Family does not violate U.A.E. law.  Since the Plaintiffs have been unable to locate a local firm to even opine on that issue, the Plaintiffs are now seeking the services of someone in the United States with enough expertise to give a reliable opinion.[10]

## II.  Second Motion for Service by Mail

Plaintiffs' Second Motion for Service by Mail Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) seeks an order allowing the Clerk of the Court to attempt service of process by mail upon four defendants (Sheikh Issa, Sheikh Nasser, Sheikh Saif, and the Partnership).  In support of this request the plaintiffs assert that they are working on other forms of service but that service by mail pursuant to Rule 4(f)(2)(C)(ii) should be attempted

---

[8] Id.

[9] Id. at ¶ 3.

[10] Id. at pp. 2-3 ¶ 4.

6

again if for no other reason than to show that alternative service is necessary.  Plaintiffs also assert that the U.A.E. is a foreign state that is not a party to the Hague Convention and for which there are no other internationally agreed means to effect service of process upon its citizens,[11] and that

> [s]ervice upon a Defendant in the traditional sense is not possible in the United Arab Emirates because physical addresses are not used in that country as they are in the United States.  Instead, individuals receive all mail at post office boxes and must sign for each letter or parcel when retrieved.
>
> . . .
>
> In light of the fact that mail must be signed for when retrieved from a post office box in the United Arab Emirates, Plaintiffs request that the Court order, pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), service upon Defendants by delivering a copy of the petition and summons to Defendants at the following addresses:
>
> (1) H.H. Sheikh Issa bin Zayed Al Nahyan, P.O. Box 464, Abu-Dhabi, U.A.E.;
>
> (2) H.H. Sheikh Nasser bin Zayed Al Nahyan, P.O. Box 464, U.A.E.;
>
> (3) H.H. Sheikh Saif bin Zayed Al Nahyan, P.O. Box 26999, Abu-Dhabi, U.A.E.; and
>
> (4) The Partnership of the Royal Family bin Zayed Al Nahyan, by serving the above named members of the partnership.
>
> Service at the above addresses would provide a signed receipt as required under Rule 4(f)(2)(C)(ii).[12]

---

[11] Plaintiffs' Second Motion for Service by Mail Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), Docket Entry No. 44, pp. 1-2 ¶¶ 3-4.

[12] Id. at pp. 2-3 ¶¶ 5-11.

**A.   Standard of Review**

Federal Rule of Civil Procedure 4(f)(2)(C)(ii) provides that

> an individual . . . may be served at a place not within any judicial district of the United States:
>
> . . .
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> . . .
>
>   (C) unless prohibited by the foreign country's law, by:
>
> . . .
>
>     (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.

The court is not persuaded that service by mail is warranted because the plaintiffs have not made any showing that service by mail is not prohibited by U.A.E. law, or that a second attempt at service by mail would be more successful than the first attempt.

**B.   Analysis**

   1.   No Showing Service by Mail is Not Prohibited

Service by mail pursuant to Rule 4(f)(2)(C) is permissible only if not prohibited by the foreign country's law.  See Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 925 (11th Cir. 2003).  Plaintiffs seek to serve the remaining defendants by mail sent to the U.A.E., and assert that

8

each of the defendants they seek to serve is a citizen of the U.A.E., yet they have failed to make any showing that service by mail is not prohibited by U.A.E. law.  Plaintiffs' silence on this issue does not allow the court to assume that service by mail is not prohibited by U.A.E. law.[13]

"The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant."  Brown v. Flowers Industries, Inc., 688 F.2d 328, 332 (5th Cir. 1982), cert. denied, 103 S.Ct. 1275 (1983). Due process under the United States Constitution requires that

> before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum.  There also must be a basis for the defendant's amenability to service of summons.  Absent consent, this means there must be authorization for service of summons on the defendant.

Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 108 S.Ct. 404, 409(1987).  Fed.R.Civ.P. 4(f)(2)(C)(ii) clearly states that service of process by mail is only authorized where it is not prohibited by foreign law.  Because plaintiffs have not made any showing that would allow the court to conclude that service by registered mail on the defendants named in this action is not prohibited by U.A.E. law, the court concludes that plaintiffs'

---

[13] In ¶ 4 of their Second Case Status Report plaintiffs candidly acknowledge that they have not been able to obtain a legal opinion regarding whether members of the royal family are subject to personal service pursuant to Rule 4(f)(2)(C)(i).  Plaintiffs' Second Case Status Report, Docket Entry No. 45, p. 3.

motion to serve the defendants via mail sent to addresses in U.A.E. pursuant to Rule 4(f)(2)(C)(ii) a second time should be denied.

2.   No Showing Second Attempt at Service Likely to Succeed

On November 20, 2006, the court granted virtually the same request for service by mail pursuant to Rule 4(f)(2)(C)(ii) that is now pending (Docket Entry No. 7).  That attempt at service was unsuccessful for all but one of the six defendants upon whom service was then attempted.  The one defendant for whom it was successful (Sheikh Mohammed) has since been dismissed for lack of subject matter and personal jurisdiction (Docket Entry No. 39).  Of the remaining five defendants upon whom service by mail was attempted, the receipt for Sheikh Issa was returned to the court unsigned, the package mailed to Sheikh Nasser was returned to the court unclaimed, and the packages mailed to Sheikh Abdullah, Sheikh Saif, and the Partnership have vanished without a trace, i.e., neither a receipt for their delivery nor the packages themselves have been returned to the court.  Although the addresses to which the plaintiffs request that service be mailed are the same addresses to which service was mailed in December of 2006, plaintiffs have made no showing that a second attempt at service upon Sheikh Issa, Sheikh Nasser, Sheikh Saif, or the Partnership at

these addresses can reasonably be expected to yield a better result.[14]

## C. Conclusion

Because the plaintiffs have made no showing that service by mail is not prohibited by U.A.E. law, or that a second attempt at service by mail would be more successful than the first attempt, the plaintiffs motion for service by mail will be denied.

## III. Order to Serve

Although the time limit for effecting service of process contained in Federal Rule of Civil Procedure 4(m) does not apply to service in a foreign country pursuant to Rule 4(f), plaintiffs have not cited and the court has not found any authority stating that the court is precluded from setting a reasonable time limit of its own. See Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985) (holding that exemption from 120-day time limit for service of process in foreign countries provided by Rule 4(m)'s

---

[14]Plaintiffs assert that traditional service is not possible in the U.A.E. because physical addresses are not used in that country as they are in this country, and that individuals receive all mail at post office boxes and must sign for each letter or parcel when retrieved, but plaintiffs have not substantiated these assertions with an affidavit or sworn declaration, and the court's previous attempt at service by registered mail failed for each of the defendants that plaintiffs now seek to serve by mail. Moreover, the fact that the return receipt card for the package mailed to Sheikh Issa was returned to the court without any signature suggests that plaintiffs' assertion that individuals must sign for each letter or parcel received at a post office box in the U.A.E. is incorrect.

predecessor (Rule 4(j)) did not apply where the plaintiff had not even attempted to serve the foreign defendants). As the Court of Appeals for the Third Circuit noted in <u>Umbenhauer v. Woog</u>, 969 F.2d 25 (3d Cir. 1992),

> Rule 4[m] expressly states that it "shall not apply to service in a foreign country" . . . Rule 4[m]'s drafters apparently incorporated this exemption into Rule 4[m] because . . . "the vagaries of such service [on foreign defendants] render the Rule 4[m] time limit too burdensome on a plaintiff."

<u>Id.</u> at 31. The Third Circuit held that dismissal of a complaint for improper service of process was an abuse of the district court's discretion when service was "eminently feasible." <u>Id.</u>

This case has been on file since August 16, 2006. Over a year and a half has elapsed since November 20, 2006, when the court granted the plaintiff's first request for service by mail pursuant to Rule 4(f)(2)(C)(ii), and over six months have elapsed since October 9, 2007, when the court denied without prejudice plaintiffs' motion for alternative service pursuant to Rule 4(f)(3), yet plaintiffs have made no attempt to show that service of process on the remaining defendants is eminent or feasible. Apart from the initial attempt to serve the defendants by mail pursuant to Rule 4(f)(2)(C)(ii) that occurred in late 2006, no attempt to serve the defendants has been made in the U.A.E., and plaintiffs have failed to show the court that any of the defendants are amenable to service under any subsection of Rule 4(f).

In their recently filed Second Case Status Report, plaintiffs candidly acknowledged that they have not been able to determine if

personal service on members of the royal family is allowed under U.A.E. law.[15] Since both of Rule 4(f)(2)(C)'s provisions for service — in person and by mail — are qualified by the phrase "unless prohibited by the foreign country's law," plaintiffs' candid acknowledgment that they do not know whether U.A.E. law prohibits personal service on members of the royal family, together with their silence on this issue in their Second Motion for Service by Mail, indicate that plaintiffs do not know whether service can legally be effected on the remaining defendants pursuant to Rule 4(f)(2)(C). Moreover, plaintiffs have yet to file a second motion for alternative service pursuant to Rule 4(f)(3).

While the court is not unsympathetic to the challenges that plaintiffs face trying to effect service of process on foreign defendants, i.e., challenges that require plaintiffs to ascertain details of foreign law, plaintiffs' delay in effecting service on the remaining defendants is not occasioned by the exigencies of having to rely on individuals in a foreign country to act but, instead, on plaintiffs' own inability to determine which method of service is legally appropriate in this case. In light of plaintiffs' failure to identify any method of service that is legally appropriate in this case, the court has no reason to believe that service on the remaining defendants is either eminent or feasible and no way to ensure that the case proceeds in a timely manner. Accordingly, the court concludes that there is good reason

---

[15]See Docket Entry No. 45, p. 3 ¶ 4.

13

to impose a limit on the time plaintiffs have to effect proper service on the remaining defendants.  See Mitchell v. Theriault, 516 F.Supp.2d 450, 458 (M.D. Pa. 2007) (recognizing need to ensure that the case proceeds in a timely manner as good cause to impose a time limit to effect service of process on foreign defendants).

## IV. Conclusions and Order to Serve

For the reasons explained above in § II, Plaintiffs' Second Motion for Service by Mail Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) (Docket Entry No. 44) is **DENIED**.  For the reasons explained above in § III, plaintiffs are **ORDERED** to effect service of process on the remaining defendants within sixty (60) days or show cause why this action should not be dismissed without prejudice for the failure to prosecute.

**SIGNED** at Houston, Texas, this 29th day of April, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE