IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BASSAM NABULSI and<br>RIMA NABULSI,<br><br>      Plaintiffs,<br><br>v.<br><br>H.H. SHEIKH ISSA BIN ZAYED AL<br>NAHYAN,<br><br>      Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-06-02683 |

## DEFENDANT H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN'S MOTION FOR A PROTECTIVE ORDER AND RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

## I.      INTRODUCTION

Only one day after noticing the depositions, the Plaintiffs moved to compel the depositions of Sheikh Issa and his business manager, Saif Al Suwaidi and further moved to have the depositions conducted in Houston, Texas.  (Docket Entry No. 67).  Because they have not shown themselves entitled to further jurisdictional discovery in this case, because failure of service of process is contested, because Saif Al Suwaidi is not a party to this litigation and is outside the subpoena power of this Court (by several thousand miles) and because the deposition of Sheikh Issa is not necessary, Sheikh Issa respectfully submits that the notices should be quashed or deferred until a later time.  Accordingly, for the reasons set forth below, pursuant to Fed. R. Civ. P. 26, Sheikh Issa moves the Court for a protective order denying or deferring the requested depositions.

## II.   ARGUMENT AND AUTHORITIES

### A.   Defendant's Deposition Should Not Occur Without a Ruling on the Motion to Dismiss for Lack of Service of Process and *Forum Non Conveniens*

Permitting the Plaintiffs to depose Sheikh Issa before the Court rules on Sheikh Issa's 12(b)(5) motion to dismiss for lack of service of process would effectively pretermit that motion. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Moreover, Sheikh Issa's testimony is not necessary for this Court to rule on whether service was affected.  To resolve whether the Plaintiffs' attempted service on Ismail Albars satisfied the requirements under U.A.E. law for service of process on Sheikh Issa, this Court need only consider the testimony of Mr. Ismail Albars and Dr. Faraj, both of whom are scheduled to appear for deposition.  The Court might also consider the declaration of the Plaintiffs' process server, Plaintiffs' own U.A.E. legal expert, and the responses to Plaintiffs' written discovery requests, many of which bear directly on the issue of service. Further, the Court might invite the plaintiffs to submit an affidavit or report as to why they believe that service was proper under the law of the United Arab Emirates.  Regardless of what evidence the Court considers, Sheikh Issa's testimony will be of no assistance to the Court in determining whether service was proper.

Similarly, Sheikh Issa's testimony would have no bearing in determining whether this Court should dismiss on *forum non conveniens* grounds.  The Court need not resolve any other threshold issues, such as personal jurisdiction, "if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1188 (2007).  In determining whether to dismiss

2

based on *forum non conveniens*, the Court will consider whether an adequate alternative forum exists, in addition to relevant private and public interest factors. *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1355 (S.D. Tex. 1995). Whether the U.A.E. is an adequate alternative forum will be analyzed with the help of Dr. Faraj's testimony and any competing testimony from the Plaintiffs' witnesses. The private interest factors ask whether the alternative forum is a convenient one for the adjudication of the dispute. The public interest factors examine whether the interests of one venue or the other weigh in favor of maintaining the action. Again, nothing Sheikh Issa could testify about would be relevant to either inquiry. Sheikh Issa respectfully requests that the Court quash the Plaintiffs' notice of the deposition of Sheikh Issa until the Court has ruled upon the motion to dismiss for service of process and *forum non conveniens*.

**B.    Plaintiffs Have Not Made a Prima Facie Showing Entitling Them to Discovery**

Sheikh Issa has also moved to dismiss the claims against him because he submits that the Court lacks personal jurisdiction over him. Sheikh Issa respectfully disagrees that the Plaintiffs have made the requisite showing of jurisdictional contacts entitling them to engage in the deposition of Sheikh Issa on personal jurisdictional issues. Thus, Sheikh Issa respectfully requests that the Court enter an order deferring the deposition of Sheikh Issa until the court determines that the plaintiffs have made a prima facie showing of personal jurisdiction over Sheikh Issa and that the deposition of the Sheikh is necessary because the information sought cannot be obtained from any other means.

A court may order a non-resident defendant to engage in jurisdictional discovery once the plaintiff has made a prima facie showing that jurisdiction lies in the forum. *See, e.g., Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). A plaintiff does not enjoy

3

an automatic right to discovery pertaining to personal jurisdiction.  *See, e.g., Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("Because they failed to argue that the district court would have general jurisdiction over [defendant], appellants cannot show that they were prejudiced by the district court's refusal to allow them to pursue the discovery."); *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997). A plaintiff **must** make a threshold or prima facie showing with some competent evidence demonstrating that personal jurisdiction might exist over a defendant in order to be entitled to jurisdictional discovery. *See Cent. States, S.E. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) ("[P]laintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted."); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998) (affirming district court's denial of jurisdictional discovery because plaintiff failed to state a prima facie case for personal jurisdiction); *Mykhaylov v. Masaic Maritime, Inc.*, No. 03-2722, 2004 WL 2472480, at *2 (E.D. La. Nov. 2, 2004); *Ellis*, 175 F.R.D. at 312; *Rich v. KIS California, Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).  A plaintiff's discovery request must be denied if it is only based upon "bare," "attenuated," or "unsupported" assertions of personal jurisdiction, or when a plaintiff's claim appears to be "clearly frivolous."  *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 (1982) (Powell, J.) (concurring opinion) ("A plaintiff is not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction.").  Thus, the Court should exercise its broad discretion to deny jurisdictional discovery.  *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220-221 (5th Cir. 2000) (affirming district court's denial of jurisdictional discovery; noting that a district court's decision to deny jurisdictional discovery "will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse").

4

The requirement that a plaintiff establish a prima facie case for personal jurisdiction before being permitted to conduct discovery is especially important when the defendant is a foreign national. *See Cent. States*, 230 F.3d at 946-47.  In *Central States*, the Seventh Circuit concluded that imposing burdensome jurisdictional discovery on "defendants from a foreign nation is not appropriate at a stage where the district court is trying to determine whether it has any power over the defendants." *Id.* at 947.

As set out in the Motion to Dismiss, even if the Court accepts all of the Plaintiffs' jurisdictional allegations as true, neither specific nor general jurisdiction exists over Sheikh Issa. To begin, this Court was clear in its July 19, 2007 Memorandum and Order that neither specific nor general personal jurisdiction existed over Sheikh Mohammed.  That ruling was made based on Plaintiffs' allegations that Sheikh Mohammed had (1) made annual trips to the forum to receive medical care and for tourism; (2) made these trips aboard planes operated by a U.S. aviation company; (3) was involved in purchasing several aircraft from a U.S. company; (4) assisted in sending U.A.E. pilots to the U.S. for training; and (5) met with President Bush at the White House. (Docket Entry No. 39 at 24-27).  Despite these contacts with the forum, this Court declined to exercise personal jurisdiction.

The alleged contacts of Sheikh Issa to the forum are largely a repeat of similar contacts that were alleged as to Sheikh Mohammed: (1) annual trips to the forum to receive medical care and for vacation; (2) entering into an agreement with the Plaintiff in the U.A.E. (an agreement that calls for the application of U.A.E. law by the U.A.E. courts); and (3) purchasing vehicles and personal items in the forum while on vacation.  The Court denied Plaintiffs' request to

5

engage in jurisdictional discovery as to Sheikh Mohammed after full briefing on the issue. (Docket Entry No. 39 at 34).

Plaintiffs have not and cannot establish specific jurisdiction based upon the allegations in their Complaint.   Plaintiffs' claims arise out of an alleged imprisonment of Bassam Nabulsi in the U.A.E. (not in Texas or the United States), and a breach of an alleged partnership agreement between Bassam Nabulsi and Sheikh Issa that purportedly resulted in failed business dealings around the world, none of which were to occur in Texas or involved Texas companies.  "In cases based on alleged contracts between the parties, it would be an unusual case where the plaintiff should need discovery to show specific jurisdiction linking the defendant and the controversy to the forum."  *Id.*   Thus, the only issues before the Court is whether the plaintiffs have established a prima facie case of general jurisdiction over Sheikh Issa and whether they need to depose the Sheikh in order to respond to the pending Motion to Dismiss.

Plaintiffs' also fail to make a prima facie showing of general jurisdiction, just as they failed to do with respect to Sheikh Mohammed.  The Complaint alleges that Sheikh Issa traveled to the United States and Texas for medical purposes and for tourism-related activities ten times from 1994 to 2004.   (Docket Entry No. 50 at 3).   To begin, the relevant time period for measuring jurisdictional contacts in this case cannot extend 14 years into the past.   General jurisdiction is to be measured by examining the defendant's contacts with the forum "over a reasonable number of years, up to the date suit was filed."   *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008) (citing *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 717 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000)); *see also Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569-70 (2d

6

Cir.) ("In general jurisdiction cases, district courts should examine a defendant's contacts with the forum state over a period that is reasonable under the circumstances up to and including the date suit was filed to assess whether they satisfy the 'continuous and systematic' standard; the determination of what period is reasonable in the context of each case should be left to the court's discretion."), *cert. denied*, 519 U.S. 1007 (1996).   Sheikh Issa submits that a reasonable period for the Court's jurisdictional determination should be from January 1, 2000 to the date he was allegedly served, June 19, 2008—over eight years.

To establish general jurisdiction, Plaintiffs must "affirmatively show" that [Sheikh Issa's] contacts with Texas and the United States that are unrelated to the litigation are sufficient to satisfy due process requirements." *Alpine View*, 205 F.3d at 217.   "Those unrelated contacts must be substantial, continuous and systematic." *Id.*   Thus, "the minimum contacts review is more demanding and broader for general jurisdiction and requires [Plaintiffs] to demonstrate **substantial activities [by Sheikh Issa] in the forum state.**" *J.M. Huber Corp. v. Pan Am. Express, Inc.*, 118 F. Supp. 2d 764, 767 (S.D. Tex. 2000) (emphasis added).   The allegations in the Complaint do not rise to the level of "substantial activities" in Texas or the United States. Dragging an occasional tourist into our courts based on these allegations—even to conduct a deposition—would violate notions of due process afforded under our legal system.   No prima facie showing has been made that would entitle Plaintiffs to discovery in this case.

But despite the fact that Plaintiffs have not shown themselves entitled to jurisdictional discovery, Sheikh Issa does not oppose participating in limited jurisdictional discovery to aid the Court in resolving the Motion to Dismiss.   Importantly, Sheikh Issa has not contested the jurisdictional allegations in the Plaintiffs' Complaint.   Taken as true, they still do not make the

7

case for jurisdiction.  Sheikh Issa will also respond to Plaintiffs' written discovery requests and produce documents responsive to those requests.  Sheikh Issa's responses to this written discovery will provide information regarding the Sheikh's contacts with the United States since July 1, 2000.  In addition, Sheikh Issa has agreed to make available for deposition Mr. Ismail Albars and Dr. Faraj, affiants to the Motion to Dismiss.  Under these circumstances, there is neither a need nor a justification for the plaintiffs to depose Sheikh Issa.  Sheikh Issa respectfully submits that his deposition shall be quashed until such time, if ever, that plaintiffs meet their burden of establishing a prima facie showing of personal jurisdiction.

Courts have broad discretion to prevent oppressive, harassing, inconvenient, and burdensome depositions.  FED. R. CIV. P. 26(b)(2)(C).  In fact, courts routinely prevent high-level executives and leaders from having to endure unnecessary and harassing depositions.  For example, in *Salter v. Upjohn Company*, the Fifth Circuit affirmed a protective order against the deposition of Defendant Upjohn President Dr. William Hubbard. 593 F.2d 649, 650 (5th Cir. 1979).  The plaintiff, Susie Salter, as executrix of Rufus Salter's estate, asked to depose Dr. Hubbard regarding Upjohn's testing, marketing, and use of Cleocin, the prescription drug that allegedly killed Rufus Salter.  *Id.* at 650-51.  The trial court denied Salter's request all three times because she had to first depose lower-level employees with more direct knowledge and she already had a copy of Dr. Hubbard's prepared statement to the United States Senate regarding the same drug.  *Id.* at 651-52. The trial court denied her request, but held she could make another request if more information was needed after the initial depositions.  *Id.* The Fifth Circuit affirmed the trial court's "wait and see" approach. *Id.*; *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334-35 (M.D. Ala. 1991).

8

Similarly, to be entitled to Sheikh Issa's deposition, the Plaintiffs must show that they have been unable to obtain by other means the information they seek about Sheikh Issa's forum contacts before they can subject a member of the U.A.E. Royal Family to a deposition. There is no need for Sheikh Issa to be deposed given the abundance of jurisdictional information already made available and the information that will be provided in response to Plaintiffs' written discovery requests. This is particularly true in this case where the plaintiffs have demonstrated that they do not intend to limit discovery to the jurisdictional issues currently pending before the Court.[1]

## C.   The Court Should Not Order Sheikh Issa to be deposed in Houston, Texas

There is a presumption that non-resident defendants are entitled to have their depositions taken at their place of residence or business. *See Salter v. Upjohn Co.*, 593 F.2d 649, 671 (5th Cir. 1979); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). This presumption is based on "the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987).

This presumption can only be rebutted by a showing that special circumstances justify ordering such inconvenience on the nonresident defendant. Plaintiffs contend that their own personal safety warrants the deposition in Houston, Texas. Plaintiffs are simply fear mongering. There is no evidence that their freedom or safety would be in danger by conducting the deposition in Abu Dhabi.

---

[1] *See, e.g.*, Plaintiffs' Discovery Requests Pertaining To *Forum Non Conveniens* in which the plaintiffs seek to have Sheikh Issa admit that he is pictured in a number of attached photographs.

Tellingly, the Plaintiffs do not cite the U.S. Department of State's list of countries warned too dangerous or unstable for travel by U.S. citizens. The U.A.E. is not on that list. *See* **Exhibit A**, U.S. Department of State Travel Warnings, *available at* http://travel.state.gov/travel/cis_pa_tw/tw/tw_1764.html. Moreover, the U.A.E. is not in a war zone and is not governed by militant dictators, circumstances that might warrant conducting the deposition elsewhere. *See, e.g., Doe v. Karadzic*, 1997 WL 45515 (S.D.N.Y. Feb. 4, 1997) (finding that civil unrest in the former Yugoslavia warranted conducting defendant's deposition in the United States). Instead, Plaintiffs and their counsel assert that they fear for their lives because they brought this lawsuit against the Royal Family. Plaintiffs' accusation that they would be in danger of wrongful incarceration is factually unsupported and insulting to the people of the U.A.E. Numerous businesses and law firms from the United States (and Houston) have relocated or have branch offices in the U.A.E., including Fulbright & Jaworski, LLP, Baker Botts, and Halliburton, to name but a few. In addition, the United States operates an embassy in both Abu Dhabi and Dubai. The U.A.E. is a stable and friendly country with no political unrest that would warrant holding a deposition elsewhere.

The Plaintiffs also contend that the expenses for the lawyers in this case to travel to the U.A.E. require that the deposition occur in the United States. This faulty reasoning fails to account for the fact that jurisdiction has not been established. The fact that the lawyers will incur expenses does not justify haling an individual into the United States *before* the Plaintiffs have established their ability to hale him into the forum court. Requiring Sheikh Issa to incur the time and expense of traveling to the United States for a deposition in a case where jurisdiction is challenged is incomprehensible.

If Sheikh Issa was to appear in the United States for a deposition, it is very likely that the Plaintiffs or their counsel would attempt to have the Sheikh arrested.  As the Court knows, counsel for the Plaintiff has made it a habit of publishing and referring to photographs of alleged torture tapes.[2]  Sheikh Issa vigorously denies the allegations in the Plaintiffs' Complaint.  But travel to the United States puts at risk his personal liberties, given the Plaintiffs' allegations and propensity to publicize these events.  Under our judicial system, Sheikh Issa could be detained and held during any investigation and trial of these baseless charges, which may take months or even years.  For this reason, the Court should order that Sheikh Issa's deposition will not occur in Houston, Texas.  *See Farquhar v. Shelden*, 116 F.R.D. 70, 73, n.5 (E.D. Mich. 1987) (noting that it is inappropriate for the Court to act as prosecutor in ordering a civil defendant deposed as a means of criminal apprehension).

**D.     The Deposition Notice of Saif Al Suwaidi Should Be Quashed.**

Plaintiffs have also noticed Saif Al Suwaidi's deposition to occur in Houston, Texas.  Mr. Al Suwaidi is not a party to this case, has not appeared before this Court, and is not subject to the Court's subpoena power.

First, Plaintiffs' notice of Mr. Suwaidi's deposition was not a proper means to obtain the testimony of a third party in a foreign country.  A subpoena issued under Federal Rule 45 is the only discovery method available to obtain information from a nonparty.  *See Highland Tank & Mfg. Co. v. PS Int'l*, 227 F.R.D. 374, 379 & n.7 (W.D. Pa. 2005).  Rule 45(b)(3) states that 28

---

[2] These photographs were unnecessarily attached to plaintiffs' Motion to Compel [Instrument 67] filed with the Court.  These photographs have been sent to members of the press.  The plaintiffs make no secret of their intent to publicize these photographs and videos.  See Exhibit B ("As you know, I have in my possession at least three videos that show some of the most egregious human rights violations you can imagine, short of actual murder.  I have even sent you still pictures of some of the scenes in the videos, and, at some point, will release the entire videos to you *and to the public*.").

U.S.C. § 1783 governs the issuance and service of subpoenas in a foreign country.  That Act provides courts the power to order the testimony of U.S. residents or nationals found in a foreign country.  Mr. Suwaidi is not a U.S. resident or national.  Accordingly, the Plaintiffs' notice is of no effect.

In addition, under Rule 45(c)(3)(A)(ii) and (iv), the notice subjects Mr. Suwaidi to unreasonable lengths of travel (well over the 100 miles in Rule 45) and to undue burdens.  Mr. Suwaidi does not regularly conduct business in Texas or the United States.  Accordingly, the notice should be quashed.

### III.   CONCLUSION

For the foregoing reasons, Defendant H.H. Sheikh Issa Bin Zayed Al Nahyan respectfully requests entry of an order protecting him and nonparty Saif Al Suwaidi from providing deposition testimony, and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

BECK, REDDEN & SECREST, L.L.P.

By:   /s/ Alistair B. Dawson
     Alistair B. Dawson
     State Bar No. 05596100
     S.D. Tex. Bar No. 12864
1221 McKinney Street, Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Telecopier:  (713) 951-3720

**ATTORNEY-IN-CHARGE FOR DEFENDANT**
**H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN**

12

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon all counsel of record on September 23, 2008, in accordance with the Federal Rules of Civil Procedure.

/s/ Alistair B. Dawson
Alistair B. Dawson

1233.00001/415347.1

13

**Travel Information**

| Country Specific Information | Travel Warnings | Travel Alerts |

# Current Travel Warnings

**Travel Warnings** are issued to describe long-term, protracted conditions that make a country dangerous or unstable. A Travel Warning is also issued when the U.S. Government's ability to assist American citizens is constrained due to the closure of an embassy or consulate or because of a drawdown of its staff. **The countries listed below meet those criteria.**

Yemen    09/17/2008
Bolivia    09/15/2008
Iran    09/15/2008
Georgia    09/10/2008
Lebanon    09/10/2008
Afghanistan    09/10/2008
Algeria    08/22/2008
Kenya    08/22/2008
Colombia    08/07/2008
Congo, Democratic Republic of the    07/23/2008
Timor-Leste    07/21/2008
Saudi Arabia    07/09/2008
Uzbekistan    07/03/2008
Chad    06/23/2008
Sri Lanka    06/13/2008
Iraq    06/13/2008
Eritrea    06/11/2008
Côte d'Ivoire    06/09/2008
Somalia    05/20/2008
Nepal    05/07/2008
Haiti    04/30/2008
Burundi    04/22/2008
Syria    04/15/2008
Central African Republic    03/25/2008
Israel, the West Bank and Gaza    03/19/2008
Sudan    03/14/2008
Philippines    02/13/2008
Nigeria    10/30/2007
Pakistan    09/21/2007

EXHIBIT _A_

# THE BUZBEE LAW FIRM

*www.txattorneys.com*

Reply to: Galveston Office

September 1, 2008

*Via Facsimile (713) 951-3720*
Mr. Alistair B. Dawson
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney Street, Suite 4500
Houston, Texas   77010-2010

Re:   C.A. No. H-06-02683; *Bassam Nabulsi and Rima Nabulsi vs. H.H. Sheikh Issa Bin Zayed Al Nahyan*; In the United States District Court for the Southern District of Texas

Mr. Dawson:

It was good, as always, to see you in Court on Friday. Please provide me potential dates in early October upon which I can take the depositions of Dr. Faraj Abdullah Ahnish and Ismail Albars. I have six trial settings in October, but do not intend to let such settings interfere with the discovery in this case. I want to nail down the dates and locations of these depositions immediately, so that we can all adjust our schedules accordingly. Once we have the dates solidified, I will let you know where I intend to conduct the depositions.

It is now obvious that the Court agrees with me that the Plaintiff is in this case is entitled by law to fully explore, through depositions and otherwise, the issues raised in Defendant's motion to dismiss. Now that we know that your client and his general manager/brother-in-law will be deposed, the only issue outstanding is where these depositions will occur. I am writing in the hope that we can agree on a place for the depositions, rather than fighting further about it. I propose that the depositions of your client and his brother-in-law occur in Paris, during the same time frame as the depositions of the other two witnesses. Paris is an equi-distant location from the U.S. and U.A.E. Although I think that, based on the prevailing law, I could succeed in forcing your client to come to the United States, I would instead prefer that we not bother the Court again on discovery issues. If your client and his business manager will not agree to Paris, please tell me what your counter proposal is regarding the location of those depositions. For the record, I am still willing to fly your client to the United States. However, I am not willing to conduct the deposition via video conference.

1910 Ice & Cold Storage Building
104 21st Street (Moody Ave.)
Galveston, Texas 77550
Telephone: (409) 762-5393
Facsimile: (409) 762-0538

Hogg Palace
401 Louisiana, 8th Floor
Houston, Texas 77002
Telephone: (713) 653-5640

200 East Cano
Edinburg, Texas 78539
Telephone: (956) 381-4440
Facsimile: (956) 381-4445

**EXHIBIT** 

Mr. Alistair Dawson
Page 2
September 1, 2008

_____

As you know, I have in my possession at least three videos that show some of the most egregious human rights violations you can imagine, short of actual murder. I have even sent you still pictures of some of the scenes in the videos, and, at some point, will release the entire videos to you and to the public. I again urge you not to put me, my associates, the court reporter, the videographer, and even yourself in danger by insisting on conducting depositions in the U.A.E.

If you want to discuss these issues, give me a call. As always, I remain

Very truly yours,

Tony Buzbee