IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BASSAM NABULSI, AND HIS WIFE, RIMA NABULSI, | § § § | |
| Plaintiffs | § § | |
| V. | § § | |
| H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN, H.H. SHEIKH NASSER BIN ZAYED AL NAHYAN, H.H. SHEIKH SAIF BIN ZAYED AL NAHYAN, H.H. SHEIKH MOHAMMED BIN ZAYED AL NAHYAN, AND THE PARTNERSHIP OF THE ROYAL FAMILY BIN ZAYED AL NAHYAN, | § § § § § § § § § § | CIVIL ACTION NO. H-06-02683 (JURY TRIAL REQUESTED) |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENSE COUNSEL'S
LETTER TO THE COURT OF SEPTEMBER 26, 2008**

In response to Defense counsel's letter to the Court of September 26, 2008, Plaintiffs provide this brief response:

This Court never in a hearing limited Plaintiffs' right to conduct discovery, either through depositions or otherwise. Instead, the discussions centered around where depositions would be held, with the understanding that Plaintiffs were entitled to take the depositions of the Sheikh and his business manager, an individual over whom the Sheikh obviously exercises control.

For the first time through counsel's letter to the Court, Plaintiffs have learned that Defendant is withholding documents until a protective order is entered. Not once has counsel asked for a protective order, and there is no need for one. Certainly nothing in Defendant's paltry

discovery responses evidences that a protective order is needed. This is more of the same from the Defendant in this case—delay, delay, delay.[1]

Defendant's discovery responses, a copy of which Defense counsel states he has provided to the Court, make clear that counsel for the Defendant has not even spoken to Sheikh Issa. For example, with regard to the request pertaining to good purchased at A. Taghi in the Galleria: How can the Sheikh not have information as to whether he shopped at Taghi? Ali Taghi, who owns the men's store and who speaks Arabic, became a personal friend of the Sheikh. To answer this particular question the way it is answered demonstrates that the Sheikh was never consulted about these issues. The responses provided by Defense counsel are nothing more than a regurgitation of the facts set forth in Plaintiffs' Complaint. Importantly, the Defendant did not even verify his own responses. Plaintiffs again submit to the Court that the Defendant himself is simply not participating in this case at all. Furthermore, the Defendant is not even in the U.A.E., but is instead residing in Germany.

With regard to the Plaintiffs' discovery questions regarding the pictures: As set forth elsewhere, Plaintiffs rightfully believe that, if the Defendant is practically above the law for his conduct demonstrated in the pictures, then it is ridiculous to expect that Plaintiffs can obtain a fair trial in the U.A.E. The requests pertaining to the pictures are thus directly relevant to the forum non conveniens issue.

Finally, Plaintiffs submit to the Court that, despite Plaintiffs' efforts at diligence, the Defendant in this case has not made the same effort. It is simply not true that business is not

---

[1] Plaintiffs are also very concerned with the way in which Defendant has cited cases in support of various propositions set forth in his pleadings. As an example, in Defense counsel's letter he cites to the case *Vasquez v. Bridgestone/Firestone, Inc.* to support the proposition that the pictures of the Sheikh's torture have no bearing whatsoever on the determination of the forum non conveniens issue. In fact, this case offers absolutely no support for this proposition, other than setting forth in general the law of forum non conveniens. This is just one example of many.

conducted during Ramadan. To suggest otherwise evidences a complete lack of understanding of Ramadan and its practices. Those who observe Ramadan fast from sunup to sun down. However, they continue to work and go about their other activities. They continue to travel, as necessary. Schools don't close; businesses don't close.[2]

In a separate pleading, Plaintiff intends to respond fully to Defendant's Motion for Protection.

          Respectfully submitted,

### THE BUZBEE LAW FIRM

By:     /S/ Tony Buzbee
    Anthony G. Buzbee
    State Bar No. 24001820
    Federal Bar No. 22679
    The Buzbee Law Firm
    1910 Ice & Cold Storage Bldg.
    104 21st Street (Moody Avenue)
    Galveston, Texas 77550
    Phone: (409) 762-5393
    Fax: (409) 762-0538
    www.txattorneys.com

    ATTORNEYS FOR PLAINTIFFS
    BASSAM NABULSI, AND HIS WIFE,
    RIMA NABULSI

OF COUNSEL:

THE AZEM FIRM
Samer Al-Azem
State Bar #00793240
2703 Newman Street
Houston, Texas 77098
Phone: (713) 429-5319
Facsimile: (713) 528-7247

---

[2] The Court might recall when Hakeem Olajuwon played for the Houston Rockets. He played during Ramadan, however, he fasted from dawn to dusk, even on game days. See http://en.wikipedia.org/wiki/Hakeem_Olajuwon. The Court can also review http://en.wikipedia.org/wiki/Ramadan for a discussion of Ramadan.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the *29th day of September, 2008*. Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

                                                                                  */s/ Tony Buzbee*
                                                                                   Tony Buzbee