IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BASSAM NABULSI and RIMA NABULSI, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-02683 |
| H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN, | § § § § | |
| Defendant. | § § | |

## DEFENDANT H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN'S MOTION FOR A PROTECTIVE ORDER

His Highness Sheikh Issa Bin Zayed Al Nahyan ("Sheikh Issa") seeks entry of an order prohibiting the Plaintiffs' further use of the incendiary and irrelevant photos and videos that have no bearing on the issues currently before the Court. In support of this Motion, Sheikh Issa would show the Court as follows:

### I. INTRODUCTION

The parties are currently conducting limited discovery into whether the Court has personal jurisdiction over Sheikh Issa, a citizen of the United Arab Emirates. The only issues pertinent to that dispute involve the extent, if any, of Sheikh Issa's contacts with the forum. The Court will also determine whether the United Arab Emirates is an available alternative forum, in

considering Sheikh Issa's motion to dismiss for forum non conveniens. The merits of the Plaintiffs' claims are not yet the subject of discovery.

Yet without any possible explanation—other than for purposes of embarrassment and harassment—Plaintiffs have engaged in a pattern of questionable conduct by unnecessarily displaying, through filings in this Court and publicly through the media, several photographs and segments of a video which Plaintiffs claim show Sheikh Issa engaging in acts of torture. It has become clear that Plaintiffs intend to use these tactics at every opportunity in this suit. Sheikh Issa respectfully submits that this conduct should stop.

## II. ARGUMENT AND AUTHORITIES

Plaintiffs' counsel has been trying this case in the media for months, making allegations about an alleged act of torture that is not claimed to have involved either of the Plaintiffs, and *for which no claim is asserted in this suit*. In fact, two defamatory video attacks on Sheikh Issa and all of the emirates that make up the U.A.E. recently appeared on the internet, one of which plays nearly three and one half minutes of the alleged torture.[1] This practice is despicable and "looked upon with disfavor" by courts across this country. *See U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, 2008 WL 2977891, at *4 (S.D. Ohio July 29, 2008).

On August 13, 2008, Plaintiffs served what was termed "Discovery Requests Pertaining to Forum Non Conveniens." **Exhibit A**, Plaintiffs' Discovery Requests Pertaining to Forum Non Conveniens. These requests were served in addition to the requests for production,

---

[1] One of the video attacks launched against Sheikh Issa was posted in early September 2008 on YouTube at http://www.youtube.com/watch?v=4FyA42tarV0. The YouTube posting instructs viewers to visit http://video.yahoo.com/watch/3469516/9659226 to view a segment of the video. As of the date of this filing, the Yahoo site is no longer available; however, the site's cache is still publicly accessible.
Another website has appeared at http://www.uaetorture.com. It is clear that Plaintiffs or their counsel are responsible for the content of this site. For example, the "Nabulsi's Story" tab on the www.uaetorture.com site, contains remarkably similar phraseology as is used in the Plaintiffs' filings in this suit.

interrogatories, and admissions pertaining to jurisdiction and service of process that were served on August 8, 2008. The requests are completely inappropriate, asking Sheikh Issa to admit that he is the person pictured in no fewer than 17 still frame photos attached as exhibits that allegedly depict acts of torture. None of these requests are made for the purpose of furthering the jurisdictional debate; rather, they were clearly made to try to intimidate and harass Sheikh Issa.[2]

More recently, in a letter to the undersigned, Plaintiffs' counsel made his intentions clear and unequivocal, stating, "As you know, I have in my possession at least three videos that show some of the most egregious human rights violations you can imagine, short of actual murder. I have even sent you still pictures of some of the scenes in the videos, and, at some point, will release the entire videos to you *and to the public*." **Exhibit B**, Letter from T. Buzbee to A. Dawson (emphasis added).[3] The undersigned is at a loss to understand how threatening to release videos to the public has any role in this case.

Finally, by attaching the photographs to their recent Motion to Compel—a *discovery motion*—where there was no reasonable basis for their inclusion, (Docket Entry No. 67), Plaintiffs have made it clear that they prefer to use these photos to their advantage at every turn, without regard to their irrelevance to any issue in this case.

### A. The Photos Are Not Relevant to Plaintiffs' Fear for Their Safety

Plaintiffs argue that the identity of the people depicted in the photos and video are relevant to the Court's current inquiry because they bear on the issue of their personal safety in

---

[2] At the last status conference, the Court invited Plaintiffs to submit their briefing on why they thought these photographs were relevant. To date, no such briefing has been submitted.
[3] Not coincidentally, the www.uaetorture.com website also promises to release the full-length video in the near future.

3

the forum non conveniens determination. That contention fails to withstand even a modicum of scrutiny.

First, although evidence of <u>particularized</u> threats to a party's personal safety can factor against finding a forum an adequate alternative, *see, e.g., Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 13 (1st Cir. 2000), Nabulsi's <u>generalized</u> allegations cannot give this contention credence, *see BFI Group Divino Corp. v JSC Russian Aluminum*, 481 F. Supp. 2d 274, 284 (S.D.N.Y. 2007) (finding unpersuasive plaintiffs' generalized statements about Nigeria's political instability as concern for safety should the case be brought there). To be clear, Nabulsi does not claim to be the victim of the alleged torture in the photos; rather, according to the Plaintiffs' own complaint, that individual is an Afghan named Mohammed Shah Poor, who allegedly did business with Sheikh Issa. (Docket Entry No. 50 at 7). Plaintiffs do not allege that the photos depict any act of violence upon them, any of their family members, friends, or colleagues.

Plaintiffs do allege that Bassam Nabulsi was falsely imprisoned. (*Id.* at 8–10). But the photos and video of alleged abuse of Mr. Poor have no bearing whatsoever on substantiating the Plaintiffs' claims of false imprisonment. Similarly, Plaintiffs do not allege that they have received any threats of imprisonment or retaliation in response to this suit. Plaintiffs' attempts to tie the photos and video to their own overly dramatized allegations of fear for their own safety strain credulity.

Moreover, Plaintiffs' presence in the U.A.E. is not necessary to prosecute their case in that country. Article 28 of the U.A.E. Constitution and Article 55 of the Civil Procedures Law entitle each party to a civil action the right to be represented by counsel of their choosing, without the need to be personally present. *See* Expert Witness Statement of Dr. Faraj Abdullah

4

Ahnish, Docket Entry No. 61, Ex. E at 17. Accordingly, because Plaintiffs would not have to physically attend any proceedings in that country, their fear for their safety is no evidence that the U.A.E. is not an adequate alternative forum. *See MBI Group, Inc. v. Credit Foncier du Cameroun*, 558 F. Supp. 2d 21, 31 (D.D.C. 2008) (dismissing plaintiffs' allegations of fear of personal safety, because Cameroon courts do not require physical attendance of the parties at trial).

### B. The Photos Are Not Relevant to Whether the U.A.E. Legal System Is Fair

Plaintiffs also contend that the photos contain evidence that the United Arab Emirates is not an available alternative forum: "If the Defendant is practically above the law for his conduct demonstrated in the pictures, then it is ridiculous to expect that plaintiffs can obtain a fair trial in the U.A.E." (Docket Entry No. 70 at 2). Specifically, Plaintiffs' argue that the photos are relevant because they allegedly depict one or more U.A.E. police officers, which, according to Plaintiffs, demonstrates that Sheikh Issa has control over the police force. As stated above, the Plaintiffs' have made no allegations of being threatened by the U.A.E. police (or anyone) should this case be brought in the U.A.E.

More importantly, whether Sheikh Issa has control over the U.A.E. police has nothing to do with whether Plaintiffs' can receive a fair trial in the U.A.E. The U.A.E. Constitution separates that government into executive, legislative, and judicial branches. *See* Expert Witness Statement of Dr. Faraj Abdullah Ahnish, Docket Entry No. 61 at 6. As in the United States, the judiciary is an independent branch of government. Constitutional safeguards such as judicial tenure ensure the judiciary's independence, *id.* at 6–7, and all litigants are entitled to a fair trial, *id.* at 16–25. Allegations of police corruption have no bearing on whether Plaintiffs can receive a fair trial in the U.A.E.

5

The plaintiffs in *MBI Group, Inc. v. Credit Foncier du Cameroun*, 558 F. Supp. 2d 21 (D.D.C. 2008) unsuccessfully alleged that police corruption would undermine their ability to obtain a fair trial in opposing a forum non conveniens motion. In that case, the plaintiffs alleged that its CEO had been subject to wrongful incarceration, threats of violence to himself and his family, and threats to he and his wife should they ever return to Cameroon. *Id.* at 29. Accordingly, plaintiffs argued that litigating in Cameroon would threaten the safety of its employees involved in the litigation, rendering Cameroon an inadequate forum.

The Court soundly rejected that contention. The Court held that despite allegations of *executive-branch* corruption in Cameroon, it is the independence of the *judicial branch* that matters. *Id.* at 30. "Most importantly, the alleged actions at issue were taken by the *executive* branch of the Cameroonian government, not by the judiciary. And defendants have submitted evidence that Cameroon's judiciary is formally independent of the executive as a matter of the nation's Constitution." *Id.* Because the plaintiffs had presented no evidence that the judicial branch was involved in the alleged threats against the plaintiffs' CEO, the Court found that Cameroon was an adequate alternative forum.

As in *MBI Group*, Nabulsi contends that police officers of the executive branch—not members of the judiciary—were involved in the violence depicted in the photos. Moreover, this case is one step removed from the facts of *MBI Group*. In that case, the Court considered evidence of direct threats to the safety of the plaintiffs' employees. As stated above, the Plaintiffs' photos in this case allegedly depict acts against a third party, Mr. Poor, not the Plaintiffs. As a result, the photos are irrelevant to determining whether Plaintiffs can receive a fair trial in the U.A.E. *See id.*

Consequently, neither the Plaintiffs' fear for their personal safety nor the allegation that the photos are relevant to show some alleged relationship between Sheikh Issa and the Abu Dhabi police warrant the continued use of the photos in this stage of the litigation. As the *MBI Group* court cogently stated,

> [T]he mere fact that [plaintiff's CEO] could not travel to the proceedings in Cameroon without fear of reprisal does not establish that Cameroon is an inadequate alternative forum.
>
> . . . .
>
> As the First Circuit put it, "[c]ourts generally deem [the alternative forum to be adequate] if the defendant demonstrates that the alternative forum addresses the types of claims that the plaintiff has brought and that the defendant is amenable to service of process there." *Iragorri*, 203 F.3d at 12. Defendants have met that burden here.

*MBI Group*, 558 F. Supp. 2d at 31.

Because they have no bearing on the Court's forum non conveniens analysis, this Court should put a stop to the Plaintiffs' tactics by entering an order prohibiting the use of the photos and video in this litigation at least while the Court considers the pending jurisdictional motions. If the Court reaches the merits of plaintiffs' claims, the Court can reconsider whether these photographs and videos are relevant to any of the claims asserted.

### III. CONCLUSION

For the foregoing reasons, Defendant H.H. Sheikh Issa Bin Zayed Al Nahyan respectfully requests entry of an order prohibiting the use of the photos and/or video purporting to depict Sheikh Issa or others engaging in conduct irrelevant to the issues currently before the Court.

7

Respectfully submitted,

BECK, REDDEN & SECREST, L.L.P.


By: /s/ Alistair B. Dawson
    Alistair B. Dawson
    State Bar No. 05596100
    S.D. Tex. Bar No. 12864
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

**ATTORNEY-IN-CHARGE FOR DEFENDANT
H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon all counsel of record on October 9th, 2008, in accordance with the Federal Rules of Civil Procedure.

*/s/ Alistair B. Dawson*
Alistair B. Dawson

# EXHIBIT A

DA3183



IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BASSAM NABULSI, AND HIS WIFE, RIMA NABULSI, | § § § § | |
| Plaintiffs | § | |
| V. | § § | |
| H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN, H.H. SHEIKH NASSER BIN ZAYED AL NAHYAN, H.H. SHEIKH SAIF BIN ZAYED AL NAHYAN, H.H. SHEIKH MOHAMMED BIN ZAYED AL NAHYAN, AND THE PARTNERSHIP OF THE ROYAL FAMILY BIN ZAYED AL NAHYAN, | § § § § § § § § § § | CIVIL ACTION NO. H-06-02683 (JURY TRIAL REQUESTED) |
| Defendants. | § | |

**PLAINTIFFS' DISCOVERY REQUESTS
PERTAINING TO FORUM NON CONVENIENS**

Plaintiffs, BASSAM NABULSI and RIMA NABULSI, pursuant to the Federal Rules of Civil Procedure, serve these Requests for Admissions, Interrogatories, and Requests for Production for the purposes of the pending action only, of the truth of the following matters.

You shall utilize the following definitions when responding to these Requests:

**DEFINITIONS**

1. "You" or "your" means the party to whom these requests are propounded and includes, but is not limited to, Sheikh Issa, and any agents, employees, representatives, attorneys, or individuals acting on his behalf.

2. "Plaintiff" refers to Bassam Nabulsi.

3. "Identify" or "identity" when referring:

    (a) to a "person" means to state the full name of the person, any aliases and/or nicknames by which the person is now known or has been known in the past, a

1

       present and/or last known address, telephone number, date of birth, social security number, drivers license number, title or position, and place of employment and, if previously or presently employed by you, the date he or she was hired and the date he or she was terminated or left your employ, if applicable;

(b)    to a "document" means, if a legible copy of the document is not provided with your answer, a complete description of the document referred to, including its title, if it has any, the date it was prepared, the name of the person who prepared it, and the identity of the person or persons who have custody of, control over, or access to such document;

(c)    to "any other matter" means to give a reasonable, detailed description thereof, including if applicable, for a tangible matter: when, where and how it was made, and to identify who made it and who has present or last known possession, custody or control thereof; and

(d)    if referring to other lawsuits or other actions of any type in any court, means stating separately for each such action: the identity of all parties; the court and cause number; the date on which such action was initiated; the identity of opposing attorneys; the outcome of the case, including in each such action the description of any judgment or other relief granted in each such action; and, if a civil action, the nature of the cause of action.

4.    "Documents" includes, but is not limited to, any note, memorandum, correspondence, contract or agreement, pamphlet or manual, computer print-out, computer tape, tape recording, photograph, photographic negative or transparency, movie film, videotape recording, CD-ROM, computer disk and every writing or other graphic material of any kind whatsoever.

       Unless noted otherwise, the time frame for these requests is ten years prior to the filing of this case.

Respectfully submitted,

THE BUZBEE LAW FIRM

By: _____
Anthony G. Buzbee
State Bar No. 24001820
Federal Bar No. 22679
The Buzbee Law Firm
1910 Ice & Cold Storage Bldg.
104 21st Street (Moody Avenue)
Galveston, Texas 77550
Phone: (409) 762-5393
Fax: (409) 762-0538
www.txattorneys.com

OF COUNSEL:

THE AZEM FIRM
Samer Al-Azem
State Bar #00793240
2703 Newman Street
Houston, Texas 77098
Phone: (713) 429-5319
Facsimile: (713) 528-7247

ATTORNEYS FOR PLAINTIFFS
BASSAM NABULSI AND RIMA NABULSI

3

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document has been served on Defendant in compliance with the Federal Rules of Civil Procedure on this *13th day of August, 2008*, as set forth below:

Mr. Alistair B. Dawson
Beck, Redden & Secrest, L.L.P.
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
<u>*Via E-Mail and*</u>
<u>*CM RRR 7007 1490 0003 5819 3179*</u>

_____
Tony Buzbee

## PLAINTIFFS' REQUESTS FOR ADMISSIONS

Admit or deny the following:

1. You are the individual holding the cattle prod pictured in Exhibit A.

**RESPONSE:**

2. You are the individual pictured on the right in Exhibit B.

**RESPONSE:**

3. You and a member of the Abu Dhabi police are pictured in Exhibit C.

**RESPONSE:**

4. The uniform worn by the individual in Exhibit C is that of the Abu Dhabi police.

**RESPONSE:**

5. You know the identify of the individual pictured in uniform in Exhibit C.

**RESPONSE:**

6. You are the second individual from the right pictured in Exhibit D.

**RESPONSE:**

7. You are the individual in the foreground in Exhibit E.

**RESPONSE:**

8. You own the vehicle pictured in Exhibit F.

**RESPONSE:**

9. You are pictured in Exhibit G.

**RESPONSE:**

5

10. You are pictured in Exhibit H.

**RESPONSE:**

11. You are pictured in Exhibit I.

**RESPONSE:**

12. You are pictured in Exhibit J.

**RESPONSE:**

13. You are pictured in Exhibit K.

**RESPONSE:**

14. You are pictured in Exhibit L.

**RESPONSE:**

15. You are pictured in Exhibit M.

**RESPONSE:**

16. You are pictured in Exhibit N.

**RESPONSE:**

17. You are pictured in Exhibit O.

**RESPONSE:**

## INTERROGATORIES

1. Please identify the individual in the uniform seen in Exhibit G.

**RESPONSE:**

2. Please explain what authority you have over the police in Abu Dhabi.

**RESPONSE:**

## REQUEST FOR PRODUCTION

1. Please produce documents that demonstrate the license plate numbers of all vehicles you own.

**RESPONSE:**

2. Please produce copies of any and all videos wherein you appear.

**RESPONSE:**

7

# EXHIBIT B

# THE BUZBEE LAW FIRM

*www.txattorneys.com*

Reply to: Galveston Office

September 1, 2008

*Via Facsimile (713) 951-3720*
Mr. Alistair B. Dawson
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010

Re:   C.A. No. H-06-02683; *Bassam Nabulsi and Rima Nabulsi vs. H.H. Sheikh Issa Bin Zayed Al Nahyan*; In the United States District Court for the Southern District of Texas

Mr. Dawson:

It was good, as always, to see you in Court on Friday. Please provide me potential dates in <u>early</u> October upon which I can take the depositions of Dr. Faraj Abdullah Ahnish and Ismail Albars. I have six trial settings in October, but do not intend to let such settings interfere with the discovery in this case. I want to nail down the dates and locations of these depositions immediately, so that we can all adjust our schedules accordingly. Once we have the dates solidified, I will let you know where I intend to conduct the depositions.

It is now obvious that the Court agrees with me that the Plaintiff is in this case is entitled by law to fully explore, through depositions and otherwise, the issues raised in Defendant's motion to dismiss. Now that we know that your client and his general manager/brother-in-law will be deposed, the only issue outstanding is where these depositions will occur. I am writing in the hope that we can agree on a place for the depositions, rather than fighting further about it. I propose that the depositions of your client and his brother-in-law occur in Paris, during the same time frame as the depositions of the other two witnesses. Paris is an equi-distant location from the U.S. and U.A.E. Although I think that, based on the prevailing law, I could succeed in forcing your client to come to the United States, I would instead prefer that we not bother the Court again on discovery issues. If your client and his business manager will not agree to Paris, please tell me what your counter proposal is regarding the location of those depositions. For the record, I am still willing to fly your client to the United States. However, I am not willing to conduct the deposition via video conference.

1910 Ice & Cold Storage Building
104 21st Street (Moody Ave.)
Galveston, Texas 77550
Telephone: (409) 762-5393
Facsimile: (409) 762-0538

Hogg Palace
401 Louisiana, 8th Floor
Houston, Texas 77002
Telephone: (713) 653-5640

200 East Cano
Edinburg, Texas 78539
Telephone: (956) 381-4440
Facsimile: (956) 381-4445

EXHIBIT B

Mr. Alistair Dawson
Page 2
September 1, 2008

As you know, I have in my possession at least three videos that show some of the most egregious human rights violations you can imagine, short of actual murder. I have even sent you still pictures of some of the scenes in the videos, and, at some point, will release the entire videos to you and to the public. I again urge you not to put me, my associates, the court reporter, the videographer, and even yourself in danger by insisting on conducting depositions in the U.A.E.

If you want to discuss these issues, give me a call. As always, I remain

Very truly yours,

Tony Buzbee