```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
 2                        HOUSTON DIVISION

 3   BASSAM NABULSI, AND HIS     .   Civil Action
     WIFE, RIMA NABULSI,         .   No. H-06-2683
 4                               .
              Plaintiffs,        .
 5                               .
                                 .
 6   VS.                         .
                                 .
 7                               .
     H.H. SHEIKH ISSA BIN        .
 8   ZAYED AL NAHYAN, H.H.       .
     SHEIKH NASSER BIN ZAYED     .
 9   AL NAHYAN, H.H. SHEIKH      .
     SAIF BIN ZAYED AL           .
10   NAHYAN, H.H. SHEIKH         .
     ADBULLAH BIN ZAYED AL       .
11   NAHYAN, H.H. SHEIKH         .
     MOHAMMED BIN ZAYED AL       .
12   NAHYAN, and THE             .
     PARTNERSHIP OF THE ROYAL    .
13   FAMILY BIN ZAYED AL         .
     NAHYNA,                     .   October 1, 2008
14                               .   11:30 A.M.
              Defendants.        .   HOUSTON, TEXAS
15
                     TRANSCRIPT of PROCEEDINGS
16               BEFORE THE HONORABLE SIM LAKE
                  UNITED STATES DISTRICT JUDGE
17

18   APPEARANCES:

19   FOR PLAINTIFFS:          MR. ANTHONY G. BUZBEE
                              The Buzbee Law Firm
20                            1910 Ice Cold Storage Building
                              104 21st Street Moody Avenue
21                            Galveston, Texas 77550

22   FOR DEFENDANTS:          MR. ALISTAIR BYRNE DAWSON
                              Beck, Redden & Secrest, LLP
23                            1221 McKinney
                              Suite 4500
24                            Houston, Texas 77010

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
```

*Stephanie Kay Carlisle-Neisser, CSR, RPR   713.250.5157*

```
 1  APPEARANCES (Continued):

 2

 3  OFFICIAL COURT REPORTER: MS. STEPHANIE KAY CARLISLE-NEISSER
                             U.S. District Court
 4                           515 Rusk, Suite 8016
                             Houston, Texas 77002
 5                           713.250.5157

 6

 7

 8

 9

10

11

12

13

14

15

16
                                 * * *
17

18

19

20

21

22

23

24

25
```

```
                         1              P R O C E E D I N G S
                         2                    (October 1, 2008)
                         3          THE COURT:  Good morning.  Please be seated.
                         4              This is Civil Action H-06-2683, Bassam Nabulsi
11:30:49AM               5  versus His Highness Sheikh Issa Bin Zayed Al Nahyan.
                         6              Will counsel please identify themselves?
                         7          MR. BUZBEE:  Tony Buzbee for the plaintiffs, Your
                         8  Honor.
                         9          MR. DAWSON:  Alistair Dawson for the defendant, Your
11:31:04AM              10  Honor.
                        11          THE COURT:  Thank you.
                        12              We are here on several docketed motions but I
                        13  also have Mr. Buzbee's September 24th letter and Mr. Dawson's
                        14  September 26th letter.  They are not docketed.
11:31:18AM              15              Do you want me to have the clerk docket them?
                        16          MR. DAWSON:  I don't think it's necessary.
                        17          MR. BUZBEE:  No, Your Honor.
                        18          MR. DAWSON:  I will also inform the Court that with
                        19  respect to the depositions of the folks in Paris, we have
11:31:32AM              20  reached agreement on the dates for those.
                        21          THE COURT:  What dates are they?
                        22          MR. DAWSON:  The 5th and 6th of November.
                        23          MR. BUZBEE:  Yes, sir.
                        24          THE COURT:  Okay.  So, we're here on Docket Entry
11:31:46AM              25  67, which is plaintiff's motion to compel the depositions of
```

1  Sheik Issa and his business manager in Houston, and Docket
2  Entry 68, which is defendant's response and motion for
3  protective order.
4              I have read the very thorough briefing on the
11:32:10AM 5  issue.  I don't see any issue -- any briefing by the plaintiff
6  about whether the business manager would be subject to the
7  subpoena powers of this Court.  You make a lot of arguments
8  that his testimony is relevant.  How can I subpoena a U.A.E.
9  citizen to be deposed anywhere?
11:32:33AM 10              MR. BUZBEE:  Your Honor, you cannot.  Obviously, I'm
11  not trying to argue that you can.  My argument was that the
12  Sheikh controls this man because he is his business manager
13  and that the Sheikh could be forced -- you have power over him
14  because -- I believe you have jurisdiction over him to force
11:32:51AM 15  him to have his business manager.  So, that was my argument.
16              THE COURT:  All right.  There's a suggestion by the
17  defendant that I should rule on the motions in a certain order
18  and if I follow the defendant's suggestion that the Sheikh's
19  deposition may not be needed.  I intend to resolve all the
11:33:14AM 20  pending jurisdictional issues at the same time.  Although the
21  Sheikh raises different arguments, they are nevertheless
22  related.  This is an old case, and it raises important issues.
23  Judicial economy counsels that the motions be addressed
24  together and soon.
11:33:36AM 25              The deposition of the Sheikh is relevant to his


|  |  |
|---|---|
|  | 1 motions to dismiss; and I will allow him to be deposed about |
|  | 2 his contacts with this forum and to be deposed concerning |
|  | 3 other questions dealing with the pending motions, including |
|  | 4 the defendant's motion to dismiss based on *forum non* |
| 11:33:58AM | 5 *conveniens*.  Plaintiff's counsel may not question him about |
|  | 6 the merits of the case, although, I realize there may be some |
|  | 7 overlap potentially on some questions. |
|  | 8             However, the business manager, Saif Al Suwaidi, |
|  | 9 is not subject to the subpoena powers of the Court. |
| 11:34:20AM | 10             So, the plaintiff's motion to compel Sheikh |
|  | 11 Issa's deposition is granted. |
|  | 12             Plaintiffs's motion to compel the deposition of |
|  | 13 Saif Al Suwaidi is denied. |
|  | 14             Defendant's motion for protective order is |
| 11:34:35AM | 15 denied as to the Sheikh and granted as to Mr. Al Suwaidi. |
|  | 16             As to the location of the deposition, the |
|  | 17 Sheikh should be deposed in Paris on November 5th or 6th at |
|  | 18 the same time counsel is there deposing the other two people. |
|  | 19 Apparently, he travels frequently to Europe.  So, I'm ordering |
| 11:34:58AM | 20 that you-all tell me now or soon -- certainly within this next |
|  | 21 week -- the dates, times, and places of all three deponents. |
|  | 22             I don't think the Sheikh's deposition should |
|  | 23 take more than -- I don't think Mr. Buzbee should be allowed |
|  | 24 more than two hours of questioning, assuming he gets answers |
| 11:35:20AM | 25 and not objections.  If you want to, of course, depose him at |

|  |  |
|---|---|
|  | 1 the same time for purposes of the pending motions, you may. |
|  | 2 But Mr. Buzbee is limited to two hours of questioning. |
|  | 3     The defendant sent over a proposed protective |
|  | 4 order.  Have you-all agreed to the protective order? |
| 11:35:43AM | 5     MR. BUZBEE:  We have not, Your Honor. |
|  | 6     THE COURT:  I looked at these documents.  There's |
|  | 7 nothing particularly exciting about these documents.  Why do |
|  | 8 you need a protective order? |
|  | 9     MR. DAWSON:  As I understand it, Your Honor, my |
| 11:35:56AM | 10 colleague at my firm collected these documents and he is the |
|  | 11 one who told me -- he is in Judge Kent's court right now.  But |
|  | 12 there are bank records that have confidential banking |
|  | 13 information and credit card payment -- bills, if you will, |
|  | 14 that have confidential information in them.  Those are the |
| 11:36:15AM | 15 only things that we have asked to be treated with |
|  | 16 confidentiality.  I think it is both the bank account numbers, |
|  | 17 the credit card numbers, and, frankly, there are some rather |
|  | 18 large transactions in there. |
|  | 19     THE COURT:  Give these two stacks to Mr. Dawson. |
| 11:36:31AM | 20     You can either give Mr. Buzbee a stack now with |
|  | 21 the understanding he doesn't really care about the American |
|  | 22 Express account numbers or you can redact the account numbers |
|  | 23 and send them to him.  The amounts could conceivably be |
|  | 24 relevant.  The only thing you can redact is personal |
| 11:36:50AM | 25 identifiers.  I didn't see any Social Security numbers.  There |

```
                    1  are a lot of account numbers.
                    2              Mr. Buzbee probably has a bigger American
                    3  Express account than the Sheikh anyway; so, he probably
                    4  wouldn't be concerned about that.
      11:37:03AM    5              MR. DAWSON:  We will redact them, Your Honor.
                    6              THE COURT:  Now, I also -- the defendant sent me
                    7  objections to the proposed discovery.  Nobody has asked that I
                    8  rule on any of the objections.  You don't have a motion to
                    9  compel answers to interrogatories or requests for admissions
      11:37:20AM   10  or anything.
                   11              MR. BUZBEE:  It's not ripe before you right now.  I
                   12  am going to.
                   13              THE COURT:  I looked at them.  Let's rule on them
                   14  now.  Which ones do you have a concern with?
      11:37:29AM  15              MR. BUZBEE:  The first problem that I have, Your
                   16  Honor, is that the interrogatories are not verified.
                   17              THE COURT:  They need to be verified certainly
                   18  before the deposition.
                   19              MR. DAWSON:  Yes, Your Honor.
      11:37:38AM  20              THE COURT:  What else?
                   21              MR. BUZBEE:  The first issue, Your Honor -- I think
                   22  it is a crux issue -- on the issue of *forum non conveniens*,
                   23  that is, an alternative adequate forum, it's my position, as I
                   24  put in the brief, that if the Sheikh is indeed in these
      11:37:54AM  25  pictures that I submitted, that he has influence over the
```

1  police and over the Court system such that Bassam Nabulsi
2  cannot get a fair trial in that forum.  And I think that's
3  absolutely -- it is weird; it is unusual.  But in this
4  particular instance I think I'm entitled to know what his
11:38:12AM  5  position is about those pictures.
6              THE COURT:  Which particular motion -- which
7  particular set of discovery are you referring to?
8              MR. BUZBEE:  I think I titled it "Plaintiffs'
9  Discovery Request Pertaining to *Forum Non Conveniens*."  I have
11:38:28AM 10  a copy of it, if I can approach.
11              THE COURT:  Yeah, let me see it.
12              MR. BUZBEE:  This is the answers that defendant
13  provided.
14                 Essentially, Your Honor --
11:38:42AM 15             THE COURT:  Where are the photographs?  That's the
16  one I'm talking about.
17              MR. BUZBEE:  They are in the record.  I have a bunch
18  of the photographs.  I don't know if you want to see those.
19  The actual request themselves that I sent to Mr. Dawson, I
11:38:56AM 20  don't have on my person.
21              THE COURT:  I don't think you sent me those with
22  your protective order materials, did you?
23              MR. DAWSON:  I don't think that I did.  Not with the
24  protective order, no.
11:39:07AM 25             THE COURT:  You sent me objections to request for

|  |  |
|---|---|
|  | 1 production dealing with service of process and request for |
|  | 2 admissions dealing with service of process and interrogatories |
|  | 3 dealing with service of process.  I didn't get the papers |
|  | 4 dealing with *forum non conveniens*. |
| 11:39:23AM | 5         MR. DAWSON:  I don't think I submitted those because |
|  | 6 there was no motion on them and I didn't know that we would |
|  | 7 be -- |
|  | 8         THE COURT:  Well, if you want a formal motion, my |
|  | 9 concern is that when you get -- |
| 11:39:34AM | 10         MR. DAWSON:  I am happy to argue it now.  If I |
|  | 11 could -- |
|  | 12         THE COURT:  If, in fact -- I don't recall all the |
|  | 13 photographs now; but I do seem to recall that there are law |
|  | 14 enforcement officials, or at least some type of people with |
| 11:39:49AM | 15 uniforms, in some of the photographs.  Wouldn't that be |
|  | 16 relevant? |
|  | 17         MR. DAWSON:  No. |
|  | 18         THE COURT:  Why? |
|  | 19         MR. DAWSON:  The Court in *MBI Group, Inc., versus* |
| 11:39:59AM | 20 *Credit Foncier Du Cameroun* -- the cite to that is 558 |
|  | 21 F.Supp.2d 21 -- addressed this exact issue.  In that case, the |
|  | 22 plaintiff, just like this plaintiff, said, look, I was |
|  | 23 arrested in Cameroon.  All these bad things happened to me in |
|  | 24 Cameroon.  And the executive branch is in cahoots with the |
| 11:40:21AM | 25 defendant.  I cannot get a fair trial in Cameroon.  And, |

|  |  |
|---|---|
|  | 1 therefore, argue that *forum non conveniens* should not apply |
|  | 2 for the same reasons Mr. Buzbee has just argued. |
|  | 3      The Court went through and said -- actually, in |
|  | 4 that case, if you read it, Judge, they had a lot more evidence |
| 11:40:39AM | 5 that Cameroon was -- not -- that you couldn't have an adequate |
|  | 6 remedy in Cameroon.  They had a thing from the Justice |
|  | 7 Department saying that the judiciary in Cameroon is not |
|  | 8 independent of the executive branch.  And they had a lawyer |
|  | 9 put a thing in the record saying:  This guy can't get a fair |
| 11:40:57AM | 10 trial.  He has been arrested.  All these terrible things have |
|  | 11 happened to him. |
|  | 12      And here's what the Court said:  The Court says |
|  | 13 "the alleged actions at issue were taken by the executive |
|  | 14 branch of the Cameroonian government, not the judiciary." |
| 11:41:11AM | 15      The defendants have submitted evidence that the |
|  | 16 Cameroon judiciary is independent.  The plaintiffs cannot |
|  | 17 disturb that presumption -- and there is a presumption under |
|  | 18 *forum non conveniens* law -- of independence by merely pointing |
|  | 19 to generalized reports that the executive branch may exert |
| 11:41:28AM | 20 undue influence over the judiciary. |
|  | 21      They went on to say "the fact that the fellow |
|  | 22 can't travel to Cameroon is not relevant for the *forum non* |
|  | 23 *conveniens*."  They said "the mere fact that the plaintiff |
|  | 24 could not personally travel to the proceedings..." |
| 11:41:43AM | 25      THE COURT:  Do you have some authority to the |

1  contrary?

2  MR. BUZBEE:  I haven't looked at that case.

3  THE COURT:  We better have some briefing on this.
4  What else -- what else -- other than the photographs, what is
5  in dispute with respect to these -- written discovery?

6  MR. BUZBEE:  My primary dispute -- and it's clear
7  from reading.  Because I've done a lot of my own due diligence
8  and informal discovery on this case -- is that I do not
9  believe -- and Mr. Dawson can correct me -- that the Sheikh
10 has even been consulted in answering these discovery answers,
11 has not even been consulted.

12 Because, for instance, Ali Tahgi is a guy
13 that's well-known here in Houston that sells fancy clothes
14 across from the Galleria.  He is a personal friend of this
15 Sheikh.  But yet in his discovery responses, he says "after a
16 diligent search, I cannot confirm or deny."  That tells me
17 right there that they never even asked this guy about these
18 discovery requests.

19 Another example.  He was asked if he met the
20 Mayor Brown.  Well, Your Honor, I have a picture of him with
21 Mayor Brown.  They spent a lot of time together when the mayor
22 was in office here in Houston at the Four Seasons.  And he
23 again says in his deposition -- or his discovery responses, "I
24 cannot confirm it after a due diligence search."  Now, one
25 could say, well, he's such an important and busy man that he

1  meets so many great dignitaries that he wouldn't know.  But
2  remember, Your Honor, this is a guy that lived as much three
3  months out of the year here in Houston.  This was a
4  significant part of his life here in Houston.  He spent a lot
5  of time with Mayor Brown.  Mayor Brown sent letters for him
6  for their business dealings and so forth.  That tells me, just
7  commonsensically, that he has not been consulted.

8              So, all the answers I have, which explains why
9  they are not verified, are simply part of his little entourage
10 over there answering this stuff for him while he -- I'll tell
11 the Court -- I know for a fact -- is in Germany.  He is in
12 Germany.  They are arguing the case should be in the U.A.E.
13 Well, this fellow is living in Germany now.  That's my problem
14 with their discovery.

15              THE COURT:  What contact have you had with the
16 Sheikh?

17              MR. DAWSON:  Well, Your Honor, respectfully, how we
18 went about answering these -- and I can tell you that my firm
19 was actively involved in preparing these answers and spent --
20 a colleague -- colleague spent 10 days in the U.A.E. working
21 to get these answers and working to get these documents.
22 Frankly, how we went about it, who we talked to, and how we
23 gathered information is all protected by privilege, Your
24 Honor.  I don't think that we --

25              THE COURT:  You do need to have the Sheikh verify

1  the answers.

2          MR. DAWSON:  I understand that.  We will follow the
3  Court's order with respect to that.  Mr. Buzbee can examine
4  him at his deposition, if that's how he wants to spend his
5  time, cross-examining him about the answers --

6          THE COURT:  Let me say, most of the answers that I
7  read that deal with the three sets of objections, the answers
8  were fairly reasonable as discovery goes.  There were many
9  cases where he denied a request but said "but I will admit a
10 limited subset of that" or  "you're not correct but here's the
11 name of the right company."  I don't think this is
12 stonewalling in the sense that I have seen in some cases.

13         MR. BUZBEE:  I agree with you, Your Honor.  I do
14 think, though, that the answers are not comprehensive and
15 complete because the actual defendant has not been contacted
16 or discussed.  I believe that to be the case.  I haven't heard
17 otherwise.

18         THE COURT:  There used to be a rule of Texas Civil
19 Procedure, a motion to show authority, whether the attorney
20 was required to show authority.  I even filed a couple of
21 those back in the dark ages.  I'm not aware of any analog
22 under the federal rules.  Mr. Dawson is an officer of the
23 Court.  I take his word that he has dealt with the Sheikh.  I
24 don't know that you are prohibited from talking to a client
25 through an intermediary.  I bet plaintiff personal injury

```
              1  lawyers sometimes go through referring attorneys, at least I'm
              2  told that might happen.
              3            MR. BUZBEE:  Yes, Your Honor.  The verification will
              4  be a step towards.  We'll ripen the issue on the pictures and
11:45:46AM    5  that will probably be everything I need.
              6            I would just point out to the Court that when
              7  we take the man's deposition, I'm limited to two hours; but I
              8  want remind the Court that we're going to have an interpreter
              9  which is going to slow the process down substantially.
11:46:03AM   10            THE COURT:  If you are going to do that in Paris,
             11  what is that, an 8-hour difference?
             12            MR. DAWSON:  Six or seven, I believe, Your Honor.
             13  Six to London.  I don't know if Paris is another hour or not.
             14            THE COURT:  Paris is another hour, I think.
11:46:17AM   15            So -- well, you better -- if you start first
             16  thing in the morning, you can call me if there's a problem.
             17  You might do the Sheikh early in the morning.  These other two
             18  people -- the previous day -- I will let you worry about that.
             19  If you start the Sheikh's deposition at -- seven hours
11:46:42AM   20  later -- you think about it, about the logistics.
             21            MR. BUZBEE:  I was just -- as far as the two hours.
             22            THE COURT:  Doesn't the Sheikh speak English?
             23            MR. DAWSON:  I don't believe he does.
             24            MR. BUZBEE:  He does.
11:47:01AM   25            MR. DAWSON:  I think he's got limited English.  I
```

1  think in that deposition it's probable that we will have an
2  interpreter.  I think there will be an interpreter in the
3  deposition of Mr. Albars.  I'm not sure that it will be
4  necessary in the deposition of Mr. Faraj.
11:47:15AM 5       THE COURT:  I'm going to change my mind and allow
6  three hours for the Sheikh because of the interpreter.
7       MR. DAWSON:  Are there any time limits on the other
8  depositions or just that one?
9       THE COURT:  I'm more concerned about the Sheikh.  I
11:47:27AM 10 think one of the other depositions will be fairly brief.  I
11 don't know about the lawyer's deposition.
12      MR. DAWSON:  Fair enough.
13      THE COURT:  Doesn't your co-counsel speak Arabic?
14      MR. BUZBEE:  He does.  My client and my co-counsel
11:47:39AM 15 speak Arabic.
16      THE COURT:  Okay.
17      MR. BUZBEE:  They will be there to check the
18 interpreter.  I will be completely ignorant.
19      THE COURT:  Get your motion to compel filed fairly
11:47:49AM 20 quickly.
21      MR. BUZBEE:  Yes, sir.
22      THE COURT:  The turnaround was really remarkable on
23 the pending motions.  And I will rule as quickly as I can.
24      MR. BUZBEE:  Yes, Your Honor.
11:48:00AM 25      THE COURT:  Now that we're all here, is there

1 anything else we can profitably address this morning?

2 MR. DAWSON: I will tell the Court that I was
3 disappointed not to get to argue a case that Mr. McDade lost
4 that was relevant to this issue.

11:48:15AM 5 THE COURT: Which case is that?

6 MR. DAWSON: They *Wyatt versus Kaplan* case where
7 Mr. McDade sued on behalf of Oscar Wyatt having to do with
8 defamation or slander or something. And the Court denied
9 discovery and then denied -- said there was no jurisdiction.
11:48:35AM 10 The issue up on appeal was whether that was appropriate. And
11 Mr. McDade lost again. I was looking forward to using his
12 losses to hopefully try and convince the Court of our
13 position.

14 THE COURT: As you point out, Mr. Dawson, in a
11:48:50AM 15 previous opinion I denied discovery because the then
16 plaintiff's counsel basically asked for it very late as kind
17 of a fallback argument in case he lost on the merits. This
18 discovery has been timely and it is relevant. I'm not saying
19 you are going to win on the motion, but I think plaintiff is
11:49:13AM 20 entitled to reasonable discovery on these jurisdictional
21 issues.

22 MR. DAWSON: I understand that, Your Honor. The law
23 in the Fifth Circuit -- I'm not trying to reargue the issue.
24 We may have to tea this up. But the law in the Fifth Circuit
11:49:25AM 25 is clear that you are not entitled to discovery about

1  undisputed facts in a jurisdictional situation.  And there's
2  been a lot of facts that have been stipulated to.  We gave, I
3  think, 90 admissions in those set of admissions.  We admitted
4  90 sets of facts.  We are not contesting any of his
11:49:46AM  5  jurisdictional assertions.  He said you came here every year.
6  You bought all this stuff.  All of that is uncontested.  The
7  law in the Fifth Circuit is you are not entitled to
8  depositions or any further --
9           THE COURT:  That may not be contested --
11:50:00AM 10           MR. DAWSON:  But there are other things that might
11  be contested.
12           THE COURT:  I don't know that the defendant is
13  allowed to circumscribe the universe of relevant facts and say
14  "these are the relevant facts and we don't contest them;
11:50:10AM 15  therefore, you are not entitled to discovery."  There's a
16  big -- let's don't beat around the bush.  I am very skeptical
17  about general jurisdiction but there might be specific
18  jurisdiction here.  I know the contract was signed in the
19  U.A.E. and I know it's subject to U.A.E. law.
11:50:28AM 20           The plaintiff alleges in his amended complaint
21  that the partnership began, whatever that means, here; and I
22  assume the plaintiff will have some evidence showing that
23  there was some type of oral agreement with the Sheikh here.
24  Now, whether that's true or is sufficient, I don't know; but
11:50:52AM 25  it certainly is a colorable claim that I think warrants some

1  discovery.

2      MR. DAWSON: I understand.

3      MR. BUZBEE: Your Honor, we will prove that this

4  business that you see is just -- they formed many businesses.

11:51:02AM 5  That's just one vehicle through which they did some of their

6  work. And we will prove to you that two months out of every

7  year they were conducting their business out of the Four

8  Seasons. Two months a year out of Houston, Texas, all their

9  business was centered right there because that's where they

11:51:18AM 10  were.

11      THE COURT: Well, I look forward to the briefing. I

12  can't wait for the new year --

13      MR. BUZBEE: I bet.

14      THE COURT: Anything else?

11:51:26AM 15      MR. BUZBEE: No, sir.

16      THE COURT: Thank you. You are excused.

17    (Proceedings concluded)

18                  * * *

19  I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled cause, to the best
20  of my ability.

21

22  //s_____   10/15/2008
    Stephanie Kay Carlisle-Neisser CSR, RPR   Date
23  Official Court Reporter

24

25

*Stephanie Kay Carlisle-Neisser, CSR, RPR   713.250.5157*