IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASSAM NABULSI, AND HIS WIFE, RIMA NABULSI, <br><br> Plaintiffs <br><br> V. <br><br> H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN, H.H. SHEIKH NASSER BIN ZAYED AL NAHYAN, H.H. SHEIKH SAIF BIN ZAYED AL NAHYAN, H.H. SHEIKH MOHAMMED BIN ZAYED AL NAHYAN, AND THE PARTNERSHIP OF THE ROYAL FAMILY BIN ZAYED AL NAHYAN, <br><br> Defendants. | §§§§§§§§§§§§§§§§§§ <br><br><br><br><br><br><br> C.A. NO. H-06-02683 <br> (JURY TRIAL REQUESTED) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO PRODUCE PLAINTIFFS' PASSPORTS**

Plaintiffs respectfully respond to Defendant's Motion to Produce Plaintiffs' Passports, as follows:

Contrary to what he says in his Motion, Plaintiffs did in fact timely object to Defendant's production request "to the extent they seek documents irrelevant to the issues raised in Defendant's Motion to Dismiss." *See* Plaintiffs' Responses to Defendant's Request for Production (Plaintiffs' General Objections), Page 4.

As the Court knows, Defendant has repeatedly argued that no discovery should be allowed in this case until the Court rules on his Motion to Dismiss. When Defendant lost this contention, he changed his argument. He now argues that only discovery relevant to the issues raised in his Motion to Dismiss should be allowed. Of course, if one were to accept Defendant's view on what is relevant at this point, no discovery would take place.

Defendant appears now to have changed course. Ironically, Defendant now argues that "[e]vidence of Plaintiffs' travels to countries other than the U.A.E. is directly relevant to the forum non conveniens motion." *See* Defendant's Motion to Compel, Page 2. He goes on to say that "[d]etermining where Nabulsi did business on behalf of the partnership is relevant to determining where documents and witnesses pertinent to the case are located." *Id.* He then states that "Sheikh Issa has the right to obtain evidence of Nabulsi's travels so that he may fully explore these issues at Nabulsi's deposition. . . . Sheikh Issa requests that all passports in the name of either Plaintiff from January 1, 2000 to the present be produced for inspection and copying." *Id.* at 3.

Defendant has not provided initial disclosures. Defendant has not produced a copy of his passport, or, for that matter, hardly any documentation of his travels to Texas, the United States, or, for that matter, anywhere. Further, as this Court knows, Defendant has objected to most of Plaintiffs' discovery requests, and has produced little more than 200 documents. Plaintiffs on the other hand have produced more than 2,000 documents. Here is just one example of the complete "one sidedness" thus far of Defendant's discovery conduct: In response to Plaintiff's Interrogatory Number 22, which asks Defendant to "[l]ist all persons with knowledge of the claims alleged by Plaintiff, and also identify and state the location of any documents you believe pertain to Plaintiffs' claims." Defendant responded that such request was "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence regarding the jurisdictional issues pending before the Court." The location of witnesses and documents has always been one of the factors in the forum non conveniens analysis. When Defendant is seeking documents, he knows this; when Defendant is asked for documents, he does not.

Plaintiffs will produce a copy of their passports, to the extent they have them. Plaintiffs, however, submit that what is good for the goose is good for the gander.[1] Defendant's multiple discovery objections sound one theme—that the documents and information sought by Plaintiffs are not germane to the issues in Defendant's Motion to Dismiss. Using the "reasoning" of Defendant's own arguments and admissions in his own Motion to Compel before the Court, his discovery objections should be overruled.[2]

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: /S/ Anthony G. Buzbee
Anthony G. Buzbee
State Bar No. 24001820
Federal Bar No. 2267
**NOTE TEMPORARY HOUSTON/ GALVESTON OFFICES**
807 South Friendswood Drive, Suite 5
Friendswood, TX 77546
Telephone: (409) 762-5393
Toll-free: (800) 992-5393
Facsimile: (281) 482-9293
www.txattorneys.com

OF COUNSEL:
THE AZEM FIRM
Samer Al-Azem
State Bar No. 00793240
2703 Newman Street
Houston, Texas 77098
Phone: (713) 429-5319
Fax: (713) 528-7247

ATTORNEYS FOR PLAINTIFFS
BASSAM NABULSI, AND HIS WIFE,
RIMA NABULSI

---

[1] Thus, "[e]vidence of [the Sheikh's] travels to countries other than the U.A.E. is directly relevant to the forum non conveniens motion." And, "[d]etermining where [the Sheikh] did business on behalf of the partnership is relevant to determining where documents and witnesses pertinent to the case are located."
[2] The merits of Defendant's multiple objections are discussed in detail in Plaintiffs' Motion to Compel.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the ***16th Day of October, 2008***. Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

                                                          */s/ Tony Buzbee*
                                                          Tony Buzbee