1

```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

BASSAM NABULSI                    ()      CIVIL ACTION
                                  ()      NO. H-06-2683
VS.                               ()      HOUSTON, TEXAS
                                  ()      NOVEMBER 3, 2008
H.H. SHEIKH ISSA BIN              ()      2:00 P.M.
ZAYED AL NAHYAN, ET AL            ()


                      TRANSCRIPT OF HEARING
                  BEFORE THE HONORABLE SIM LAKE


APPEARANCES:

FOR THE PLAINTIFF:      Mr. Anthony G. Buzbee
                        The Buzbee Law Firm
                        JP Morgan Case Tower
                        600 Travis, Suite 6850
                        Houston, Texas  77002


FOR THE DEFENDANTS:     Mr. Alistair B. Dawson
                        Beck, Redden & Secrest
                        1221 McKinney, Suite 4500
                        Houston, Texas  77010


FOR THE DEFENDANTS:     Mr. Timothy C. Shelby
                        Baker Botts
                        910 Louisiana
                        Houston, Texas  77002


COURT REPORTER:         Anita G. Manley
                        Official Court Reporter
                        515 Rusk, Rm. 8016
                        Houston, Texas  77002


Proceedings recorded by stenographic means, transcript produced
by computer.
```

2

1 P R O C E E D I N G S
2     THE COURT: This is Civil Action H-06-2683, Nabulsi
3 versus His Highness Sheikh Issa Bin Zayed Al Nahyan.
4     Will counsel please identify themselves and their
5 clients for the record?
6     MR. BUZBEE: Tony Buzbee for the plaintiffs, Your
7 Honor.
8     MR. DAWSON: Alistair Dawson and Tim Shelby for the
9 defendant, Your Honor.
10     THE COURT: I scheduled this hearing because, on
11 October 27th, Mr. Buzbee wrote me and said that he needed a
12 hearing because certain discovery issues remain outstanding.  I
13 entered an order several days ago, I thought, ruling on all the
14 pending motions.  So I'm not sure what the purpose of the
15 hearing is, but I'll listen to what you have to say.
16     MR. BUZBEE: I agree with you 100 percent, Your Honor.
17 I think we asked and -- I thought you wanted it for some
18 reason.
19     THE COURT: No.  You wrote me this letter.
20     MR. BUZBEE: I did.  And then you ruled.  I didn't
21 expect you to rule.  I thought you might rule on a hearing.
22     THE COURT: Aren't judges supposed to rule?
23     MR. BUZBEE: Absolutely, Your Honor.  I appreciate it.
24     THE COURT: I mean, what do you think?
25     MR. BUZBEE: I just thought you wanted to give us some

1    last-minute instructions.  I didn't know.
2              THE COURT:  No.  I expected you to call and cancel the
3    hearing.
4              But what do you -- do you need anything?
5              MR. DAWSON:  While we're here -- I mean, I didn't ask
6    for the hearing, but while we're here, there are a few issues
7    we'd like to address with the Court.
8              Respectfully, we've reviewed your order.  We
9    would ask the Court to reconsider its ruling on the use of the
10   photographs.  We believe, under applicable law that we've cited
11   to you, that even if this is a policeman -- and that's not
12   clear.  It's not clear whether it's a policeman or a person
13   from a security firm or a private security guard.  That's not
14   at all clear.  But even if you assume that the person is
15   policeman, that's not a relevant factor for the Court to
16   consider.  We'd ask the Court to reconsider.  I know you've
17   already ruled.
18             THE COURT:  You moved for dismissal based on forum non
19   conveniens.  One of the key questions I would have to resolve
20   on ruling on that motion is the adequacy of the forum you
21   suggest.  To the extent that your client has control over the
22   courts or the police in that forum, that's something I should
23   consider.  What you're telling me, he won't know unless he asks
24   the questions.  So I don't really have hearings to revisit
25   rulings I've already made.  It's not an efficient use of my

1  time.

2          MR. DAWSON:  I understand, Your Honor.

3              There are a couple other quick issues.  I want to
4  confirm -- and Mr. Buzbee and I have had an exchange of
5  communications about this and I just want to make sure we're on
6  the same page, that for purposes of the upcoming depositions,
7  both of the representatives of my client and the plaintiffs,
8  that the documents and materials that will be used at those
9  depositions will be those that have been heretofore produced in
10 the case.  There will be no surprises, in other words.

11         THE COURT:  I don't know what documents he's going to
12 use.  How would I know that?

13         MR. DAWSON:  Well, if he hasn't -- I guess we would
14 ask if he'd either confirm it's going to be limited to, which
15 is what I've asked Mr. Buzbee to do -- confirm it's been
16 limited to those that have been produced in the case or give us
17 what he intends to use that hadn't been produced.

18         MR. BUZBEE:  Your Honor --

19         THE COURT:  What's your response?

20         MR. BUZBEE:  My response is I don't have to do that.
21 There's no rule that requires it.  And I've fully responded to
22 the discovery sent to me.  So long as it's as the Court ruled
23 on the three issues that they seek dismissal on, I'm entitled
24 to ask questions.

25         THE COURT:  I'm not aware that a lawyer has to produce

1   in advance the documents he intends to use at a deposition.
2               Now, if you have a discovery request to which
3   he's responded which asks for a certain type of document and he
4   said there were none and he attempts to use that type of
5   document, that might be something you want to visit about.  But
6   it just -- as just a carte blanche rule that you can't use a
7   document, I frequently, when I was in your shoes, withheld --
8   not withheld -- saved back for the deposition documents that I
9   thought I would have better use if the deponent hadn't been
10  woodshedded about.  I'm sure I'm not the only lawyer who
11  thought about that.
12          MR. DAWSON:  Agreed.  But in that context, all the
13  documents have been produced.  So each side has --
14          THE COURT:  Well, then we don't need to have a
15  discussion if all the universe of documents has been produced.
16  I don't know what you've requested and what he's produced.
17          MR. DAWSON:  I understand, Your Honor.
18              The next issue, Your Honor, as you may or may not
19  know from the filings that we have made in this case, there is
20  a Web site that has been established by either Mr. Buzbee or
21  his client.  It's clearly -- one of their Web sites.  It tells
22  Mr. Nabulsi's story.  It takes quotes that appear to be from
23  the complaint in this case, et cetera, et cetera.  It promises
24  to release future videos, future photographs.  It makes a lot
25  of disparaging comments about the UAE.

6

1    We're also advised that that Web site is being
2  publicized throughout the United States.  We are concerned that
3  either the transcript of this deposition -- these depositions
4  or the video will be put on that Web site or otherwise
5  publicized.  We would like to ask the Court to order that any
6  transcript or video of this deposition be limited to use in
7  this case and not otherwise publicized.
8         THE COURT:  What do you have to say?
9         MR. BUZBEE:  I think that's a subject of some
10 briefing.  I don't have any plans currently.  I hadn't thought
11 about trying to get that on --
12        THE COURT:  Okay.  Initially, then, the Court rules
13 that the transcript and any videos of the deposition are under
14 seal.
15        Mr. Buzbee, if you disagree with that, you have
16 the burden to file a motion.  Otherwise, the ruling is they're
17 under seal and will not be disclosed to anyone.
18        MR. BUZBEE:  Yes, sir.
19        THE COURT:  Except for use in this case in filings
20 under seal addressed to the Court.
21        MR. DAWSON:  A minor matter, Your Honor, but I think
22 it's important that the deposition is noticed for 3:00 o'clock,
23 which is fine by us, the Sheikh.  Mr. Buzbee, in a subsequent
24 letter to the Court, indicated it started at 5:00 o'clock.
25 We'd rather not wait until 5:00 o'clock, if there's a dinner

1  and what have you.  But I wanted to at least get that
2  straightened out.  I don't know if you meant 3:00 or 5:00.
3              THE COURT:  When is the deposition?
4              MR. BUZBEE:  I thought it was 5:00, which would be
5  10:00 a.m. this time.  If I made a mistake or my staff did, I'd
6  like to fix that.
7              THE COURT:  The letter says, that you wrote to me,
8  5:00 p.m., but that's not the notice.
9              MR. BUZBEE:  And I'll take his word for it.  If she
10 put in 3:00 p.m. in the notice, that's a mistake on my part.  I
11 would like to have it at 5:00 in the unlikely event we need the
12 Court's --
13             THE COURT:  No.  You can go ahead and start it at
14 3:00.  I don't -- just because I may be available, I don't want
15 you all to get me involved in this deposition unless it's
16 absolutely necessary.  You all have taken hundreds of
17 depositions.  You know the appropriate protocol for a
18 deposition.  And I don't expect to be involved at all.  And if
19 I am involved, I expect it to be towards the end of the
20 deposition on a discrete legal issue or two.  I don't intend to
21 be on the phone refereeing a long deposition.
22             MR. BUZBEE:  Yes, sir.
23             MR. DAWSON:  And just so Your Honor will know and not
24 be surprised, Mr. Bristow will be presenting the witnesses for
25 deposition.  So if there is an issue, he will be handling it.

1      THE COURT:  So he's going with you?
2      MR. DAWSON:  He is going instead of me.
3      THE COURT:  Okay.
4      MR. DAWSON:  One of my colleagues will be there, Alex
5  Roberts, but he will be presenting witnesses for deposition.
6  And they filed notice of additional counsel today.  And I told
7  Mr. Buzbee we will give him a list of people who will be
8  expected to be in attendance at the deposition.  I assume he
9  will do likewise.
10     MR. BUZBEE:  Yes.
11     MR. DAWSON:  Two other matters or maybe three, I
12 think.  We've covered this before, but I just want the record
13 to be clear that there will be no attempt to serve Sheikh Issa
14 at this deposition.  I think we've raised that issue before.
15 We want to make sure that that's covered.
16     THE COURT:  Your answer?
17     MR. BUZBEE:  My answer, Your Honor, is I'm going to
18 hand him a copy of the complaint.  I've got to ask him about
19 some of the allegations, and I think I'm entitled to do that.
20     THE COURT:  You can ask him about the allegations, but
21 you can't use this deposition as an attempt to cure any alleged
22 defective service before.  Okay?
23     MR. BUZBEE:  I understand.
24     MR. DAWSON:  Finally, two minor matters that we have
25 with respect to documents we're asking from them that,

1    hopefully, we can get cleared up now so we can go forward with
2    their depositions next week.  We have asked for passports.
3    They've agreed to produce them but we still haven't gotten
4    them.
5              THE COURT:  That's in my order.  I ruled on that.
6              MR. BUZBEE:  Yes.
7              MR. DAWSON:  Yeah, you declared it as moot because
8    they agreed to produce them, but we still don't --
9              THE COURT:  I gave them ten days to produce them, just
10   like I gave you ten days.
11             MR. DAWSON:  I'm sorry.  Then, finally -- and,
12   perhaps, Mr. Buzbee and I just need to visit about that.
13   Several of their e-mails have a "block sender" across whoever
14   sent the e-mail.  So we can't tell who sent it.  I've asked Mr.
15   Buzbee if we could either have electronic copies of it or
16   somehow figure out how we identify who the sender is, and I
17   haven't heard a response.
18             THE COURT:  E-mails?  What type of e-mails?
19             MR. DAWSON:  E-mails -- two are from Mr. Nabulsi.
20   They were part of their production.  And instead of where it
21   says the -- who it's from, it just says "block sender" across
22   the "sent" line.  I don't have one to show you.
23             THE COURT:  What's your reaction?
24             MR. BUZBEE:  When he asked me, I don't know the
25   answer.  My client didn't understand why they did that.  And

10

1  these were things that were saved from a computer he had -- I
2  believe he had in the UAE.  All I have is a printout of them.
3          THE COURT:  Are you taking the plaintiff's deposition
4  at some point?
5          MR. DAWSON:  Yes, Your Honor.  They're scheduled for
6  next week.
7          THE COURT:  Okay.  Well, I think it would be
8  appropriate that you confirm in writing what your understanding
9  is a couple of days before the deposition.  Then you can
10 question him if you're not satisfied with his explanation.  You
11 can question him, i.e., the plaintiff, if you're not satisfied
12 with Mr. Buzbee's written explanation.
13         MR. DAWSON:  Fair enough.  Your Honor, that is all
14 that we have.  Thank you for your time today.
15         THE COURT:  Y'all better get to the airport.  Good
16 luck.
17    (Concluding at 2:10 p.m.)
18
19 I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE
   RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, TO THE BEST
20 OF MY ABILITY.
21
                                              11/19/08
22 _____
   ANITA G. MANLEY
   OFFICIAL COURT REPORTER
23
24
25