IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BASSAM NABULSI and <br> RIMA NABULSI, <br> Plaintiffs, <br><br> V. <br><br> H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN, H.H. SHEIKH NASSER BIN ZAYED AL NAHYAN, H.H. SHEIKH SAIF BIN ZAYED AL NAHYAN, H.H. SHEIKH ADBULLAH BIN ZAYED AL NAHYAN, H.H. SHEIKH MOHAMMED BIN ZAYED AL NAHYAN, and THE PARTNERSHIP OF THE ROYAL FAMILY BIN ZAYED AL NAHYAN, <br> Defendants. | CIVIL ACTION NO. H-06-02683 <br> (JURY TRIAL REQUESTED) |

## PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Plaintiffs, Bassam Nabulsi and Rima Nabulsi, file this Unopposed Motion for Leave to File Third Amended Complaint and, in support, would respectfully show unto this Court the following:

### I. BACKGROUND

Plaintiffs originally filed this case on August 16, 2006, against Sheikh Issa Bin Zayed Al Nahyan ("Sheikh Issa" or "Defendant") and several other parties. Through motion practice and voluntary dismissal, Plaintiffs now bring claims against Sheikh Issa only, asserting claims of breach of contract, conversion, breach of fiduciary duty, torture, intentional infliction of emotional distress and malicious prosecution. Plaintiffs assert diversity jurisdiction under 28 U.S.C. §1332 and federal question jurisdiction under 28 U.S.C. § 1350.

As this Court knows, this case sat around for over two years with little to no activity. On April 29, 2008, this Court set a deadline of June 30, 2008 to get Sheikh Issa served or the case would be dismissed. Plaintiffs thereafter sought additional counsel. On, June 19, 2008, after

obtaining additional counsel, Defendant was served in Dubai, U.A.E.. Thereafter, Plaintiffs filed their Second Amended Complaint on June 16, 2008. On August 8, 2008, Sheikh Issa filed a Motion to Dismiss on three grounds: (1) Improper Service, (2) Lack of Personal Jurisdiction, and/or (3) Forum Non Conveniens.

On August 29, 2008, the Court entered a briefing schedule, requiring Plaintiffs to file a response to Sheikh Issa's Motion to Dismiss by December 19, 2008, and Sheikh Issa to file a reply brief by January 20, 2009. Since the Court's scheduling conference, the parties have engaged in very active written discovery. Additionally, three witness depositions were taken in Paris, including that of the Defendant. The Plaintiff's deposition was taken on November 13, 2008. Other discovery requests are still outstanding.

## II. ARGUMENT AND AUTHORITIES

In the course of discovery in this case, much more information has been acquired since Plaintiffs filed their Second Amended Complaint. Plaintiffs thus wish to amend their Complaint to plead certain factual claims with better detail, and to further clarify the relationship between Issa and Nabulsi. This information is now available due to the extensive discovery process. Plaintiffs have conferred with Defense counsel, who opposes the Motion to Amend. Due to the discussions with opposing counsel, Plaintiffs' counsel has learned that the basis of Defendant's opposition is that Defendant contends that Plaintiffs are adding new claims or are changing their original theories; specifically, Defendant argues that, prior to the proposed amendment, Plaintiffs never mentioned the overarching partnership that was formed in Houston, Texas. Plaintiffs respectfully disagree. To the contrary, a brief reading of Plaintiffs' Second Amended Complaint reveals that Plaintiffs alleged that the business partnership in this case "began,"[1] or was formed, in Houston, Texas. As counsel

for the Plaintiffs specifically mentioned to the Court in the last hearing, the corporate entity IBA, Co. L.L.C., as well as any other business entities formed by Sheikh Issa and Nabulsi, were simply a few of the business vehicles through which the partnership did business. Certainly, it has never been argued that IBA, Co. L.L.C. was the sole business entity through which the partnership did business.

Under Rule 15(a), "leave to amend shall be freely given when justice so requires," and should be granted absent some justification for refusal. *Foman v. Davis*, 371 U.S. 178, 181 (1962). The liberal amendment policy underlying Rule 15(a) affords this Honorable Court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment . . ." *Id.* Although the Court has discretion to deny a motion to amend, the Court's discretion is limited because Rule 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). Indeed, as stated by this Honorable Court, unless it is apparent that the moving party has unduly delayed seeking the amendment, the amendment is proffered in bad faith, the moving part has repeatedly tried and failed to cure deficiencies in his pleading, allowing the amendment will result in undue prejudice to the non-moving party, or allowing the amendment would be futile, leave to amend should be granted. *Sekil v. ADT Sec. Services, Inc.*, 2008 WL 4844209 (S.D. Tex. 2008, Nov. 03, 2008 (slip opinion)(citing *Foman v. Davis*, 371 U.S. 178 (1962). Plaintiffs respectfully submit that, under the circumstances, allowing Plaintiffs leave to amend is proper. Ever since the Defendant was served, Plaintiffs' counsel has focused

---

[1] The Court commented on the use of the word "began" at one of the hearings in this case. The use of this word is just one example of the issues in the Complaint that Plaintiffs wish to "flesh out" and clarify in their Third Amended Complaint.

3

on this case almost exclusively. Much discovery has been done. Much has been learned by both sides that simply was not known when the case was previously plead. Plaintiffs now seek leave to amend to clarify and expound on those areas of the Complaint that need it. Defendant will suffer no undue or substantial prejudice if the Court allows an amendment. Further, this motion is not filed for purposes of delay, but so that justice may be served.

WHEREFORE, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file their Third Amended Complaint, and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: /s/ Anthony G. Buzbee
Anthony G. Buzbee
State Bar No. 24001820
Federal Bar No. 22679
JPMorgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909

OF COUNSEL:
THE AZEM FIRM
Samer Al-Azem
State Bar No. 00793240
2425 West Loop South, Suite 200
Houston, Texas 77027
Tel: (713) 335-5527
Fax: (713) 528-7247

ATTORNEYS FOR PLAINTIFFS
BASSAM NABULSI, AND HIS WIFE,
RIMA NABULSI

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the *5th day of December, 2008*. Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

*/s/ Tony Buzbee*
Tony Buzbee

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Daryl Bristow, counsel for Defendant, and he stated that he does not oppose this motion or the relief sought herein.

*/s/ Tony Buzbee*
Tony Buzbee

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BASSAM NABULSI, and His Wife, RIMA NABULSI, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | **C.A. NO. H-06-02683** |
| H.H. SHEIKH ISSA BIN ZAYED AL NAHYAN, et al., | § § § § | |
| Defendants. | § | |

## ORDER

Plaintiffs' Motion for Leave to File Third Amended Complaint is GRANTED.

IT IS THEREFORE ORDERED that Plaintiffs' Third Amended Complaint be, and is hereby, filed.

SIGNED, at Houston, Texas, on the ___ day of _____, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE