```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION

 3
     BASSAM NABULSI, ET AL      . CIVIL ACTION NUMBER:
 4                              . 4:06-CV-02683
     VERSUS                     . HOUSTON, TEXAS
 5                              . AUGUST 29, 2008
     HIS HIGHNESS SHEIKH ISSA   . 2:00 P.M.
 6   BIN ZAYED AL NAHYAN        .
     . . . . . . . . . . . . . .
 7
                         TRANSCRIPT OF HEARING
 8                 BEFORE THE HONORABLE SIM LAKE
                    UNITED STATES DISTRICT JUDGE
 9

10   APPEARANCES:

11   FOR THE PLAINTIFFS:

12        Anthony G. Buzbee
          THE BUZBEE LAW FIRM
13        1910 Ice Cold Storage Building
          104 21st Street Moody Avenue
14        Galveston, Texas  77550

15   FOR THE DEFENDANT:

16        Alistair B. Dawson and Matthew P. Whitley
          BECK, REDDEN & SECREST
17        One Houston Center
          1221 McKinney Street
18        Suite 4500
          Houston, Texas  77010
19
     OFFICIAL COURT REPORTER:
20
          Mayra Malone, CSR, RMR, CRR
21        U.S. Courthouse
          515 Rusk, Room 8016
22        Houston, Texas  77002

23   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
24                             - - - - -

25
```

|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  | P R O C E E D I N G S                                            |
| 2  | THE COURT: Thank you for being available on short                |
| 3  | notice.                                                          |
| 4  | This is Civil Action H-06-2683, Bassam Nabulsi                   |
| 5  | versus -- let me see if I can pronounce it correctly -- His      |
| 6  | Highness Sheikh Issa Bin Zayed Al Nahyan.                        |
| 7  | Will counsel please identify themselves for the                  |
| 8  | record?                                                          |
| 9  | MR. BUZBEE: Tony Buzbee for the plaintiff, Your                  |
| 10 | Honor.                                                           |
| 11 | MR. DAWSON: Alistair Dawson and Matthew Whitley for              |
| 12 | the defendant, Your Honor.                                       |
| 13 | THE COURT: We are here on Docket Entry 63, which is              |
| 14 | defendant's motion for extension to serve objections and         |
| 15 | response to plaintiffs' voluminous discovery requests.           |
| 16 | I have read the motion and the plaintiffs'                       |
| 17 | response. I have a couple questions. Mr. Buzbee points out in   |
| 18 | the response that he would anticipate that a good lawyer like    |
| 19 | you would have already been gathering documents well before you  |
| 20 | received his discovery requests and wouldn't need to receive     |
| 21 | the discovery requests to start gathering documents, many of     |
| 22 | which are relevant to defenses that everybody anticipated you    |
| 23 | would file eventually anyway.                                    |
| 24 | What's your response to that?                                    |
| 25 | MR. DAWSON: Your Honor, we have not, until we                    |

1   received his discovery requests, started that process, at least
2   not to my knowledge.  I was retained, you know, shortly -- I
3   don't remember when.  I guess it was the end of June, if I'm
4   remembering correctly.  I went on vacation for the month of
5   July.
6              THE COURT:  They give you a month's vacation?
7              MR. DAWSON:  They don't know about it.  It was a
8   secret.  We need to expunge that from the record.
9              In any event, as you will recall, when we
10  appeared before you last, it was our position that there was no
11  need for discovery, that we were accepting jurisdictional facts
12  that Mr. Nabulsi -- as a result of that, we hadn't done any
13  preparation.
14             THE COURT:  Well, what have you done now?  I mean, I
15  agree there are a lot of discovery requests.  Some of them go
16  back 10 years.  Whether that is too long, I guess we could
17  debate about, but I have read them all and they are all
18  relevant to your asserted defenses.
19             What effort have you made since receiving them to
20  gather information and documents to respond?
21             MR. DAWSON:  We have had people in -- we have sort of
22  tried to translate down what is being asked and put it in
23  categories.
24             As you might imagine, Your Honor, the folks in
25  Abu Dhabi and Dubai are not used to dealing with discovery, as

1  we know it, so this is truly foreign to them.  We have had
2  people meeting with people who worked with the defendant to
3  gather this information as best they can.  And I get reports
4  back on the progress that they are making, which I must tell
5  you is somewhat slow.
6          And it is currently my plan -- I have a trial in
7  this courthouse in about three weeks that is occupying my
8  attention currently.
9          It is my plan, if the Court is inclined to grant
10 us some additional time, to travel to Abu Dhabi and Dubai
11 myself after that trial is concluded to make sure that we
12 gather all the information, so we can answer the discovery
13 requests.
14       THE COURT:  I'm not inclined to grant the amount of
15 time you are seeking so you better get somebody else working on
16 the case.
17          The next question is:  Do you intend to answer
18 these questions and produce these documents at the end of
19 whatever extension I give you or merely to file objections to
20 requests?
21       MR. DAWSON:  I think for some of them, we certainly
22 intend to answer and to the extent that we have documents, they
23 will be produced.  And I can't remember exactly, but for some
24 of them, we believe they are not proper subjects of discovery.
25 For example, there are some requests that have to do with

1  interests that may be owned in various companies.  We don't
2  believe that is an appropriate ground for jurisdictional
3  discovery.  But as it relates to the Sheikh's travels to and
4  dealings in the United States, whatever they may be, to the
5  extent that we have anything that is responsive, we intend to
6  produce that.  We intend to answer the interrogatories and the
7  requests for admission that are directed to those subject
8  matters.
9       THE COURT:  Why can't you do it by September 17?  Let
10 me just tell you where I'm coming from.
11      After I announced the schedule of briefing at our
12 last hearing, I had second thoughts about whether I gave you
13 too much time.  Once --
14      MR. DAWSON:  It wasn't too much time.
15      THE COURT:  Unfortunately the singular and plural of
16 the second person in modern English are both you.  I guess I
17 could go "thou you" to make it clear.  I'm not going to resort
18 to that arcane usage.  Anyway, I think I have given you too
19 much time.
20      When I read your brief, I persuaded myself that
21 I'm going to cut the time limits by about a month.  It is just
22 too much time.  And this is one of the oldest cases on my
23 docket.  I know you came in late, but you came in late with
24 your eyes open.
25      MR. DAWSON:  Indeed, sir.

1     THE COURT:  Okay.  So with that preface, why can't you
2  do it by September 17th?  That is several weeks from today.
3     MR. DAWSON:  If the Court orders it, we will do
4  everything we can.  I would candidly ask for more time, but we
5  will take whatever time --
6     THE COURT:  I guess -- Mr. Buzbee agreed to two weeks.
7  What would two weeks get me to?
8     MR. DAWSON:  Roughly the 24th.  I think they are
9  currently due on or about the 10th.
10    THE COURT:  So I cut you back less than what he agreed
11 to?  That is not very fair, is it?
12         The discovery responses will be due
13 September 26th.
14    MR. DAWSON:  Thank you, Your Honor.
15    THE COURT:  Now, Mr. Buzbee raises the question about
16 discovery.  I think I indicated at the last hearing that I
17 thought you were entitled to full discovery on these
18 jurisdictional issues.  That means not just to depositions of
19 the two affiants whose affidavits have been submitted.
20         On the other hand, there is going to be some
21 reasonable limit.  You are not going to conduct merits
22 discovery under the guise of jurisdiction.  I'm sure that would
23 not occur to you.  We are not going to do that in any event.
24 But Mr. Buzbee says he is fearful about traveling to the UAE
25 and wants the people to be deposed here.

1              On the other hand, normally you depose a witness
2     where he or she resides, so I will tell you what I'm sort of
3     thinking about:  Either requiring that the deponents be deposed
4     in Abu Dhabi or Dubai, which are both large cities with easy --
5     not easy but reasonably easy travel access or having the people
6     deposed here, but you paying the reasonable costs of travel
7     from there to here.
8              My thought there is you're going to charge -- you
9     and probably whatever associate or other attorney goes with you
10    are going to charge the travel time, which would be two days'
11    time to get there.  You are going to charge your expense of
12    living there, for the depositions.  It might be less expensive
13    for the defendant to come here, if the plaintiff agrees to pay
14    the reasonable travel.
15              MR. DAWSON:  Well, I understand that, Your Honor.  A
16    couple things:  First, you need to know that Mr. Buzbee has
17    told me he has 12 people he wants to depose, including the
18    defendant's mother, the defendant's ex-wife and the defendant's
19    sister.
20              We submit, one, they know nothing about anything
21    that has anything to do with jurisdictional issues in this
22    case.  And, secondly, we can't force those people to travel to
23    the United States or anywhere else.
24              Where we were at the last hearing, as I recall,
25    is the Court said absolutely if I put in any witness,

1  declaration, affidavit, those people were subject to being
2  deposed.  And that would be the two people, the one who
3  accepted the package and then the expert who --
4         THE COURT:  Yeah.  But the problem with that is you
5  are going to submit affidavits by people who are favorable.
6         What if this document discovery reveals that
7  Mr. X frequently engaged on behalf of your client with
8  extensive business dealings in the United States and Mr. Buzbee
9  wants to depose him?
10         MR. DAWSON:  We can address that at that time.  I
11 think clearly at this stage of the proceeding, where we are --
12 and the Court indicated you wanted us to engage in paper
13 discovery first and then also these other depositions of the
14 two affiants.  We are in the process of answering the paper
15 discovery.  Clearly the two affiants are -- can be and will be
16 deposed.
17         THE COURT:  Let's talk about -- let's not talk about
18 relatives of the defendant.  I might not permit that.
19         Let's talk about the two people that we now know
20 he has a legitimate basis for deposing.  One is a sophisticated
21 lawyer; one does not appear to have a great deal of
22 sophistication, but that shouldn't be held against him.
23         Wouldn't they agree to come here?
24         MR. DAWSON:  I think I could probably -- Mr. Buzbee
25 originally proposed that we conduct these in either London or

1   Paris.  I could probably convince them to have the depositions
2   done in London or Paris.
3               THE COURT:  Is that agreeable to you?
4               MR. BUZBEE:  It is, Your Honor.  But can I go back --
5   I would like to go back to something you said, if I could.
6               THE COURT:  Sure.
7               MR. BUZBEE:  I thought -- and we talked about this at
8   least via letter -- that there was a disagreement in our minds
9   about what you said.  I thought you said what you just said
10  previously, which is, take all the depositions.  I'm not going
11  to limit you, but I know he can't make the mother come and I
12  have no mechanism to force an ex-wife.  I know that, Your
13  Honor.  I'm not that bright, but I'm bright enough to know
14  that.  But the defendant, that's who I want.  That's who I
15  really want.
16              If the Court's proposal is, "Buzbee, if you want
17  him, you need to go to Abu Dhabi," I will tell you my wife will
18  not let me go there, "or pay to bring them here," I will gladly
19  pay.
20              THE COURT:  You have already resolved it.  I just saw
21  your footnote, and I thought it was a dispute.  You have agreed
22  to London or Paris.
23              MR. BUZBEE:  I didn't know that until right now, but
24  we are in agreement.
25              MR. DAWSON:  I believe I can get the two who have

1  given affidavits to London or Paris.  I make no representations
2  about the defendant.
3          THE COURT:  We will cross the bridge with the
4  defendant later.  The defendant has frequently traveled to the
5  United States.  My only concern would be, if I were in his
6  shoes, that might be a good chance to try to then serve him at
7  his deposition in the United States and obviating one of the
8  bases for the motion.
9          MR. BUZBEE:  I wouldn't do that.  If that would get
10 him here, I wouldn't do it.  I just think that -- I was hoping
11 you would bring this up.  I know it is Friday afternoon right
12 before the Labor Day holiday.
13         THE COURT:  I don't get off until 5:30.
14         MR. BUZBEE:  I would like to resolve that because that
15 is the key issue in the case.
16         THE COURT:  Do you know where he will agree to be
17 deposed?
18         MR. DAWSON:  I'm certain -- I'm not certain.  My
19 strong prediction is he will require it to be in Abu Dhabi or
20 Dubai.  I would submit that it is premature to be decided
21 today.
22         THE COURT:  I think it is.  I would like to see some
23 briefing on it.  I appreciate you foreshadowing the issue, but
24 I don't want to be premature in my decision.
25              Can we work out the other two people?  And you

1  have to tell your wife that you are going to Paris and London
2  then.  Don't tell her you are flying off to Abu Dhabi.
3              MR. BUZBEE:  Okay, Your Honor.
4              THE COURT:  All right.  The deadline for responding to
5  the defendant's motions will be December 19th.  The defendant's
6  reply will be due January 20th.  That gives you 30 days, so
7  your people should still have adequate time to enjoy the
8  holidays and nevertheless submit a timely reply.
9                   I want to get this case resolved next year, if I
10 don't dismiss it.  We need to get moving on it.
11             MR. DAWSON:  I understand, Your Honor.
12             THE COURT:  All right.  What other ripe issues can we
13 address today?
14             MR. BUZBEE:  Other than that defendant -- I mean, I
15 really believe, just so you know, Your Honor, for these key
16 issues that are -- these early-on issues, the defendant and
17 perhaps his brother-in-law, who is his business manager for
18 whom the assistant you read took the paper, those are the two I
19 really need.  I mean, if you said, "Buzbee, pay for those," I
20 wouldn't want to pay for 15 people to come here, but those two
21 are so key to fully brief the issues.  Those will be the ones
22 that at some point we will have to discuss if you are going to
23 let me and where they would be.
24                  I would like to go ahead and submit the briefing
25 now on that issue so you can go ahead and decide it for us.

1    THE COURT:  All right.  Go ahead and submit the
2 briefing.  The Syrian national has agreed to be deposed in
3 Paris or London?
4    MR. BUZBEE:  That's the assistant, but he works for
5 the brother-in-law who is the actual business manager.
6    THE COURT:  You want to depose the brother-in-law?
7    MR. BUZBEE:  The brother-in-law and the defendant.
8    THE COURT:  Will the brother-in-law go to Paris?
9    MR. DAWSON:  I don't know.  Let me explain why I think
10 it is premature.  Until we respond to the written discovery --
11 because I anticipate that what we are going to have in written
12 discovery is we agree -- from 1994 to 2004 we agree with
13 everything you say.  He came here every year.  He bought stuff.
14 Here are the records that we have on all of the stuff that he
15 bought.  Here is everything we have got, which may not be a
16 lot.  Here is everything, the hotels.  He bought a car.  We
17 agree.
18    The Court can decide, is that personal
19 jurisdiction or not?
20    THE COURT:  Did he buy a race horse?  I've got another
21 case involving Abu Dhabi --
22    MR. DAWSON:  I don't think he bought a race horse, at
23 least not to my knowledge.
24    MR. BUZBEE:  That's a different family and another
25 Emirate, Your Honor, I believe.

1    MR. DAWSON: Mr. Buzbee alleges he bought a Hummer. I
2 don't know if it is true or not, but I believe the evidence
3 will also be that beginning in 2004, 2005, he hasn't come back
4 to the United States, because the medical condition that
5 required him to come here has been taken care of, in some form
6 or fashion. So obviously you can understand why we are
7 extremely sensitive to having the defendant --
8    THE COURT: I understand and he has a right generally
9 to be deposed where he lives. And I'm not -- I'm just trying
10 to work out a reasonable compromise without having to rule.
11    You check with the brother-in-law and see if he
12 is amenable to Paris or London. Then ask the defendant, and
13 ask the defendant if not, whether he is amenable to appear in
14 any place outside the UAE.
15    If not, we may have to think about deposing him
16 by hookup, remote hookup, but both of you all would be here.
17 You would have to ship the documents first, but you can put him
18 under oath there. Have a court reporter and a videographer and
19 you can be here and ask him questions. That's not something we
20 have never done before. It is not ideal, but it may be better
21 than either forcing either alternative, which each side has a
22 strong objection to, so think about that.
23    MR. DAWSON: Will do.
24    MR. BUZBEE: Yes, sir.
25    THE COURT: All right. Anything else?

1        MR. BUZBEE:  No, Your Honor.
2        THE COURT:  Have a good holiday.  You are excused.
3        MR. DAWSON:  Thank you, Your Honor.
4        MR. BUZBEE:  Yes, sir.
5    *(Proceedings concluded)*
6                         * * * *
     I certify that the foregoing is a correct transcript from
7    the record of proceedings in the above-entitled cause.
8    Date: October 6, 2008

              /s/ *Mayra Malone*
10              Mayra Malone, CSR, RMR, CRR
                Official Court Reporter